## Davie's Executor v. City of Louisville.

## Burghard v. Same.

(Decided October 25, 1916.)

### Appeals from Jefferson Circuit Court (Chancery Branch, First Division).

1. Appeal and Error—Reversal of Judgment.—A reversal of a judgment necessarily reverses any order reviving such a judgment.

2. Executors and Administrators—Personal Representative—Revivor. —The fact that a personal representative may demand, that an action shall be formally revived against him, does not prevent him from waiving the formal revivor and entering his appearance to the action, and in such case, he can not thereafter complain that he is a party to the action.

3. Executors and Administrators—Revivor.—An appearance to an action without questioning the mode of procedure is a waiver of the right to have a formal revivor.

4. Executors and Administrators—Revivor.—Where a defendant died after the rendition of a judgment against him, and the personal representative voluntarily comes into court·and makes a motion to set aside the judgment, and then takes an appeal to the Court of Appeals from the judgment, and it is reversed and remanded for further proceedings in the trial court, the personal representative is a party to the further proceedings in the trial court, and no formal revivor against him is necessary.

5. Municipal Corporations—Suit by to Enforce Lien for Taxes—Parties.—For the purpose of enforcing a lien for taxes, it is not necessary to make the devisees under a will parties to the suit, when the executor of the will has authority under the will to sell and dispose of the property and to convey a perfect title to the purchaser, and has before judgment, exercised the power and sold and conveyed the property upon which the lien is sought to be enforced.

6. Municipal Corporations—Taxation—Liens.—Where under the charter of a city of the first class, real property is assessed for taxation against the owner of a life estate in it, the city has a lien upon the fee and every interest in the property to secure the payment of the taxes.

7. Municipal Corporations—Taxation—Liens.—Under the charter of cities of the first class, the city may enforce its lien for taxes and sell the interest of the person against whom the taxes are assessed, if such person has an assessable interest in the property, without making the owner of any other interest in the property a party to the proceeding.

8. Taxation—Action to Enforce Lien for—Parties.—Where real property is assessed for taxes against the holder of the life estate in it, and the remainder interest is contingent and does not vest until the death of the life tenant, in an action to enforce a lien for the taxes, it is not necessary to make any persons parties to the action, except the life tenant and those having vested interests in order to sell the fee simple estate in the property, as the life tenants and the owners of the vested interests are the representatives of the contingent remaindermen.

9. Taxation—Limitation of Actions.—Where taxes are assessed against the owner of the life estate, and an action is instituted, before the collection of the taxes is barred by limitations, against the owner of the life estate and such persons as have vested interests in the property assessed, to enforce the lien for the taxes, the statute does not run as to a contingent remainderman, until the death of the life tenant, and the cause of action accrues in favor of the municipality against the contingent remainderman at the death of the life tenant.

10. Municipal Corporations—Taxation—Liens.—A city of the first class, under its charter, having a lien upon all the interests in real property, which is assessed for taxation, it is the duty of each of the owners of any interest in the property to take care that the taxes are paid in order to discharge the lien, and to require the one of them who is primarily liable for the taxes to pay them, and for such purpose the courts are open.

11. Taxation—Action to Enforce Lien For.—The delay in the prosecution of a suit to enforce a lien for taxes, which will cause the municipality to lose its lien, must be such delay as amounts to gross and inexcusable negligence.

12. Taxation—Action to Enforce Lien For—Laches.—Laches, as a defense against the enforcement of a lien for taxes, is not available when the property is still in the hands of the persons who owned it when the taxes were assessed, or their representatives, or purchasers with notice of the liens.

13. Taxation—Penalties—Limitation of Actions.—The ten per centum penalty adjudged to be recovered under section 3005, Kentucky Statutes, could not be sued for until July 1st, 1910, and its recovery is not barred by limitation until five years thereafter.

DAVIS W. EDWARDS for Louisville Trust Company.

ARTHUR M. RUTLEDGE for E. R. Burghard.

LAWRENCE S. POSTON, PENDLETON BECKLEY, GEORGE CARY TABB and HARRIS FLEMING for appellee.

Opinion of the Court by Judge Hurt—Affirming in part and reversing in part.

These are separate appeals, taken from one judgment, upon the same record, and the parties have agreed that they may be heard and decided together.

By the last will and testament of J. W. Kalfus, which was admitted to probate on the 24th day of February, 1874, there was devised to James S. Kalfus, for and during his life, certain real estate, which is situated in the City of Louisville. The remainder in the property was devised, in fee simple, to the children or grandchildren of the life tenant in the event any children or grandchildren of his should be living at the time of his death, and if none such were living at the time of his death, the property was devised to the brother and sister of the life tenant, "and their children or grandchildren, if there should be any such living." James S. Kalfus had a brother whose name was Southern Kalfus, and a sister, Addie K. Davie. Southern Kalfus seems to have died previous to the death of James S. Kalfus, but Addie K. Davie survived him. The record does not disclose when Southern Kalfus died nor whether James S. Kalfus left children or grandchildren surviving him at his death, nor any of the other facts, which would control the passing of the remainder in the property in fee simple, to Addie K. Davie, but it seems to be admitted, that at the death of James S. Kalfus, Addie K. Davie, under the terms of the will of her father, became the owner in fee of the property. During the lifetime of James S. Kalfus he conveyed his life estate in the property to his wife, C. W. Kalfus. C. W. Kalfus, for the purpose of securing indebtedness which the Fidelity Trust and Safety Vault Company held against her, conveyed her entire interest in the property to the Trust & Safety Vault Company, with directions that it rent the property, collect the rents, keep the property in repair, pay the taxes thereon, pay the premiums on a life insurance policy on the life of James S. Kalfus, and a policy of insurance upon the property, the expenses of the trust created by the deed, and set apart each year $600.00 to go to make up a sinking fund for the payment of the indebtedness of C. W. Kalfus to the Trust & Safety Vault Co., and in the event the rents increased above the amounts for which the property was renting at the execution of the

deed, to pay to C. W. Kalfus the sum of $35.00 per month, and when the debts should all be paid, to convey the property back to C. W. Kalfus. This deed was executed in 1895, and the Fidelity Trust & Safety Vault Co., the name of which has since been changed to Fidelity Trust Company, held the property under the deed as a trustee for C. W. Kalfus until her interest in the property came to an end, by the death of James S. Kalfus, in February, 1911.

For the years, 1901, 1902, 1903, 1904 and 1905, the property was assessed for the taxes due, thereon, to the City of Louisville, against the Fidelity Trust Company, as trustee for C. W. Kalfus. The taxes were not paid, and on March 29th, 1904, the City instituted this action for the recovery of the taxes for the years 1901, 1902 and 1903, and the enforcement of its lien upon the property to secure the payment of the taxes. The action was against the Fidelity Trust Company, trustee for C. W. Kalfus, and C. W. Kalfus.

On the 10th day of November, 1904, the City filed an amended petition, by which it made the Fidelity Trust Company a party in its own right, as well as a trustee for C. W. Kalfus; and James S. Kalfus, and F. W. Samuels, who had a lien upon the life estate in the property, were, also, made parties defendants.

On November 4th, 1905, James S. Kalfus answered and disclaimed any interest in the property, but alleged that C. W. Kalfus was the owner of the life estate, and the rents were more than sufficient to pay the taxes, and that the City should require the rents to be applied to the payment of the taxes, or else the remainder interest, in fee, of the property should be discharged from the obligation for the payment of the taxes.

On the 2nd day of August, 1909, the City filed an amended petition, in which it sought to recover the taxes upon the property for the years 1904 and 1905, and the enforcement of its lien to secure their payment. C. W. Kalfus, James S. Kalfus, the Fidelity Trust Company, F. W. Samuels, and W. C. Priest Company, the latter of whom was alleged to be claiming an interest in the life estate, were made defendants to this amendment.

On the 29th day of March, 1911, the City filed another amended petition, in which was alleged the death of James S. Kalfus, and that since his death, the Fidelity Trust Company, C. W. Kalfus, F. W. Samuels, and W.

C. Priest Company had no interest in the property described in the petition, but that Addie K. Davie was now the owner of it.  The amended petition then alleged that "it now drops" the names of the persons theretofore defendants to the suit, and makes Addie K. Davie a party, and prays "as in the original petition."  A summons was issued and served upon Addie K. Davie on the 3rd day of April, 1911.  She, as the other defendants, except James S. Kalfus, had done, did not appear nor offer any defense to the action, and thereafter on the 20th day of May, 1911, a judgment was rendered as by default, by which it was adjudged that the City had a lien for the taxes, which should be enforced and the property sold in satisfaction of the taxes and costs of the action.  The judgment was for the recovery of the taxes for each year sued for, with interest thereon from the 1st day of May of each year, respectively, after the taxes became due, and in addition a penalty of ten per centum upon the sum of the taxes for each year.

Addie K. Davie died after the rendition of the judgment, testate.  Her will was admitted to probate on November 11th, 1911, and the Louisville Trust Company, her executor, qualified on that day.  By the will of Addie K. Davie, there were devised certain sums of money to several different persons, and her two granddaughters were made beneficiaries of the residue of her estate. All of her property was devised to the Louisville Trust Company, in trust, for the purpose of paying the specific devises, and to hold the residue of her estate for the benefit of testatrix's two granddaughters during their lives, and then to dispose of it as thereafter directed by further terms of the will.  The Louisville Trust Company, as executor and trustee, was authorized to sell the property devised to it, to invest the funds, to convert the personalty into real estate and the real estate into personalty, as the interests of the estate might require, and as it deemed best, and full and complete power was given it to sell the property, whenever in its judgment it was necessary for the advantage of the estate, and to convey the property by deed, which would vest a complete title in the purchaser, and the purchaser was not required to look to the application of the purchase money.

After notice to the Louisville Trust Company, on the 1st day of May, 1913, the City moved the court to

revive the judgment, theretofore rendered in the case against the Trust Company as the personal representative of Addie K. Davie, after suggesting her death upon the record, and that the Trust Company had qualified as her executor and trustee under the will on the 11th day of November, 1911. The Trust Company objected to the revivor of the judgment upon the ground that it was a void judgment. Upon the same day the Louisville Trust Company made a motion in writing, suggesting the death of Addie K. Davie and that it was her executor and trustee under her will, and that the action be revived against it, as executor and trustee of the testatrix. To the revivor of the action upon the motion of the executor and trustee, the City objected. The executor and trustee then moved the court, in writing, to set aside the judgment as a whole, and particularly the parts of it, which adjudged a lien for the taxes for the years 1904 and 1905, and the part of it which allowed a recovery of a ten per centum penalty on the sums of the taxes, upon the ground that the whole judgment and the parts of it specially designated were void, because the court had not jurisdiction and the entry of the judgment was a clerical misprision. The court overruled the motion of the Trust Company to set aside the entire judgment, but sustained its motion to set aside such portions of the judgment as adjudged a recovery of the penalty of ten per centum upon the taxes, upon the ground that it was a default judgment, and the ten per centum penalty was not sought in the petition nor amended petitions. It overruled the motion of the Trust Company to revive the action against it as the personal representative of Addie K. Davie, but sustained the motion of the City and ordered the judgment revived against the Trust Company as such personal representative. The Louisville Trust Company then appealed to this court from the judgment of May 20th, 1911, and the order of revivor made against it as personal representative of Addie K. Davie, on the 10th day of May, 1913. This court reversed the judgment rendered in the action of May 20th, 1911, for the reason that the amended petition which made Addie K. Davie a party did not state facts sufficient to support a cause of action against Addie K. Davie; did not state facts showing that the property was still subject to the taxes sued for, and being a default judgment, the averments of the amendment were not suf-

ficient to base the judgment upon, as the amended petition did not refer to nor embrace the allegations of the original petition nor any of the prior amendments. Davie's Extr. v. City of Louisville, 159 Ky. 252. The reversal of the judgment necessarily carried with it a reversal of the order reviving the judgment appealed from.

After the return of the action to the circuit court, and the judgment of May 20th, 1911, and the order reviving it were set aside, on the 30th day of January, 1915, the appellee offered an amended petition, in which the Fidelity Trust & Safety Vault Company, the Louisville Trust Company, as executor and trustee under the will of Addie K. Davie, deceased, and E. R. Burghard, were made and named as defendants, but no process was taken against the first named. The amendment was designed to cure the deficiencies in the amended petition of March 29th, 1911. It, also, alleged that the appellant, E. R. Burghard had purchased the property on February 28th, 1913, during the pendency of the action, and that the tax bills were still unpaid and subject to a penalty of ten per centum, and the prayer contained a request for a judgment for the penalty, as well as the other relief sought. The appellant, Louisville Trust Company, objected to the filing of the amended petition, and thereafter on February 2nd, 1915, made a motion to strike the action from the docket, as is provided by Section 510, of the Civil Code. The court overruled the objection to the filing of the amended petition, and it was filed, and, also, overruled the motion to strike the action from the docket. The Louisville Trust Company, on March 20th, 1915, filed a written motion to require appellee to file a copy of the will of Addie K. Davie, and this motion being overruled, on the 27th day of March, it filed a copy of the will.

The appellant, E. R. Burghard, moved the court to strike the action from the docket because it had never been revived against the real representatives of Addie K. Davie. This motion was overruled.

The Louisville Trust Company demurred specially to the amended petition, and it and appellant, Burghard, each, demurred generally to the petition as amended. These demurrers were overruled. The appellants saved exceptions to the various adverse decisions of the court to them above recited.

Thereafter, each of the appellants filed a separate answer. To each of the answers the appellee interposed a general demurrer, which was sustained, and the appellants failing to plead further, a judgment was rendered against the appellant, Louisville Trust Company, for the several amounts of the taxes sued for, with six per centum interest thereon from the first day of May, subsequent to their assessments, respectively, and a penalty of ten per centum on the amount of the taxes before adding the interest. The City was adjudged to have a lien upon the property, to secure the payment of the taxes, interest and penalties, and that the lien be enforced and the property sold to satisfy the sums adjudged. The appellants excepted to the judgment and from it appealed to this court.

(1) It is contended by the appellants, that the trial court erred, when it overruled the motion of the Louisville Trust Company, as the representative of Addie K. Davie, to strike the action from the docket, after the order reviving the judgment had been reversed, and allowing the action to proceed to judgment as though revived against it. The order which was reversed by this court was an order reviving the judgment, made in accordance with Section 407, Civil Code, and not an order reviving the action as is provided for by the sections of Title XI., of the Civil Code. This court reversed the judgment of May 20th, 1911, because it was erroneous, in that it was a judgment by default, and the amended petition, which made Addie K. Davie a party to the suit, did not state facts sufficient to support the judgment, and, as a matter of course, any order reviving such a judgment was necessarily rendered invalid by the reversal of the judgment which it undertook to revive. There was no adjudication upon that appeal, that an order reviving the action against appellant, Trust Company, as the representative of Addie K. Davie, was improperly made, because no order for the revivor of the action had ever been made or has since been made. The judgment of reversal did not preclude the taking of such proceedings in the case, when it was returned to the circuit court, as were not inconsistent with the opinion of this court, which reversed the judgment. Section 507, Civil Code, provides, that if the defendant to an action die, the action cannot be revived against his personal representative or against him and the real representa-

tive, unless by their consent, within six months after the qualification of the personal representative. Section 508, Civil Code, provides that an order to revive an action, against the personal representative or successor of a deceased defendant, cannot be made, without his consent, unless it is made within one year from the time upon which it could have been made. The Louisville Trust Company qualified as the personal representative of Addie K. Davie on the 11th day of November, 1911, and it could have successfully resisted any attempt by the appellee to cause the action to be revived against it as the executor and trustee under the will of the deceased, at any time, after twelve months from the time, when, under these sections of the Code, the order could have been first made. The motion to revive the judgment was made on the first day of May, 1913, and within the time when an order for a revivor of the action might have been made against the appellant, Trust Company. On this day, the appellant came into court and moved the court, in writing, to make an order reviving the action against it as the personal representative of the decedent. Objection was made to granting this request, for what reason does not appear, and the court sustained the objection. The appellant upon the same day entered a motion to set aside the judgment of May 20th, 1911, and the court sustained this motion in part by setting aside a part of the judgment. The appellant then took an appeal from the judgment and the order reviving it to this court, and when a reversal of the judgment and order of revivor was secured, filed the mandates in the circuit court, and upon its motion the orders were made, by which the reversed judgment and order of revivor were set aside. When the appellee, on January 30th, 1915, offered its amended petition, the appellant was in court and objected to the filing, and not until after this, did it make its motion to strike the case from the docket. The appellant, executor and trustee, it is true, objected to the revivor of the judgment before the appeal, but it did not object to a revivor of the action against it, but unsuccessfully, sought the making of a formal order to that effect. The fact that a personal representative may demand that an action be formally revived against him does not prevent him from waiving the formal revivor and entering his appearance to the action, and in such

case, he cannot thereafter complain. In 1 Cyc. 103, discussing the subject of revivor of actions, the text is:

"The representative of a deceased party, either plaintiff or defendant, may come voluntarily into court and make himself a party to the suit."

It is obvious that the chief purpose of the statutes, which prescribe the manner and occasion of procedure to cause a revivor, is to bring the parties in interest before the court, that the rights of all may be conserved. Appearance to an action without questioning the mode of procedure is a waiver. Biggs v. McIlvain, 3 A. K. M. 360; Greer v. Powell, 1 Bush, 489. In Thompson's Admr. v. Williams, Receiver, 86 Ky. 15, after an appeal was taken to this court, an administrator moved this court to dismiss the action as to him, upon the ground that the party, whose administrator he was, had died, while the action was pending in the circuit court and the action had never been revived against him as the administrator of the decedent, and he was not a party to the action below. The court sustained his motion to dismiss the appeal as to him, but added that he made the motion at his peril, and that as the motion was sustained, that he was not in court when the case should be returned to the circuit court, but if the motion had been decided adversely to him, that he would have been in court upon the return of the cause, and no revivor would have been necessary; but in Bently v. Gregory, etc., 7 Mon. 368, Bently appealed to this court from a judgment rendered in a cause which he had instituted against Pile and another. Pile had died pending the litigation in the circuit court, and the action had not been revived against his administrator. This court reversed the judgment, and held, however, that inasmuch as the administrator was a party to the action in this court, it would be unnecessary to have an order of revivor against him when the case should return to the circuit court.

In Varney v. Connolly's Extr., 116 S. W. 340, it was said:

"That where the administrator appears and the case is tried out upon its merits, informalities as to a revivor were waived."

In Phillips' Extr. v. Rudy, 146 Ky. 780; Moss v. Rowland, 3 Bush, 506; Greer v. Powell, *supra;* Bigg v. McIlvain, *supra;* and Roberts v. Elliott, 3 Mon., 395, held that where an administrator enters his appearance

to a suit and defends it upon its merits, he waives the right to object upon the ground that the cause had not been formally revived against him.

The motion of the Louisville Trust Company to set aside the judgment, and the inevitable result of the appeal, was that a trial of the case would be had upon pleadings, which were sufficient and upon the merits of the case; the judgment was only erroneous, and upon reversal must be remanded for correct proceedings, and that, too, against the Louisville Trust Company, as executor of decedent. Hence, when appellant moved the court to revive the action against it, and to set aside the judgment and took an appeal from the order reviving the judgment against it, and from the judgment to this court, it unmistakably entered its appearance to the action, waived a formal order of revivor, and when the case was returned to the circuit court, it was a party to the action and no order of revivor was necessary. It is not intended to hold that its motion to revive the action, which was overruled, entered its appearance, but the other motions made by it and its appeal to and its appearance in this court did so. L. & N. R. R. Co. v. Chestnut, 115 Ky. 43; Foster-Milburn Co. v. Chinn, 134 Ky. 424.

(2) The defenses presented by the answers of the appellants are substantially the same and one of the defenses was, that the action should have been abated or dismissed, because the beneficial owners of the property under the will of Addie K. Davie were not made parties, and that only the executor and trustee under the will was made a party. This contention is. based upon the rule, that ordinarily when a lien against real property is sought to be enforced, it is necessary that all the persons who have an interest in the property should be made parties to the proceedings. However, in the instant case, the legal title to the property adjudged to be sold had vested in the Louisville Trust Company, under the provisions of the will. It, as executor of decedent, was clothed with power to sell the property and to vest the purchaser with a complete title by its deed, and the purchaser was not required to look to the application of the price which was paid for the property. Before the filing of the last amended petition, the executor of decedent had exercised the power to make a sale, and had sold and conveyed it to appellant, Burghard, and he was

made a party because he was the owner, in fee, of the property. The beneficiaries under the will of Addie K. Davie had no interest in the property at the time the judgment appealed from was rendered and for about two years theretofore. All the persons who owned an interest in the property were parties to the action. The Louisville Trust Company, although, it had parted with its title to the property, was a warrantor, that it was free from encumbrances, and as executor of decedent, had a right to resist a tax bill, which might in the course of events have to be paid out of the proceeds of the estate of decedent in its hands.

(3) Each of the appellants plead in their respective answers, that the cause of action for the taxes sued for accrued more than five years before any action was instituted against Addie K. Davie or any owner of the property, and that the cause of action for the ten per centum penalty sued for accrued more than five years before it was sued for, and hence the causes of action alleged were barred by the statute of limitations, provided by law for such cases. The question presented by the demurrer to the plea of the statute of limitations made in the answers, is whether or not the answers stated facts sufficient to show that the statute of limitations barred the action. The will of J. W. Kalfus, under the terms of which the property was held, gave the property to James S. Kalfus for his lifetime, with remainder to his children or grandchildren, if any such survived him. Hence, if at his death, he left children surviving him, the remainder passed to them; if he left no children surviving him, but left grandchildren surviving him, the remainder interest passed to them. If neither children nor grandchildren survived James S. Kalfus, at his death, the remainder passed to his brother and sister, if living at that time, or if one was dead, to the suvivor, and if neither the brother nor sister survived him, the remainder passed to their children, if any. As to who would be the owner of the remainder in the property at the death of the life tenant depended upon the various contingencies above enumerated. The owner of the remainder could not be known until the event of the death of James S. Kalfus would render it certain. The record does not disclose whether he ever had any children, but so long as he lived he might have had children. If he had children, the ownership by them of the remainder

was contingent upon their surviving him. If he had grandchildren, their ownership of the remainder was contingent upon their parents' death in the lifetime of their grandfather, and upon the further contingency of their surviving their grandfather. Addie K. Davie's ownership of the remainder depended upon the contingency of the life tenant dying and leaving neither children nor grandchildren surviving him, and upon the further contingency of her surviving the life tenant and her sole ownership in that event depended upon the contingency of her brother, Southern Kalfus, dying before the life tenant. A remainder interest in real property is either vested or contingent. A vested remainder is an interest which is fixed and takes effect after a particular estate has ended. A contingent remainder is one which is limited on the happening of an event or a condition, which may never occur or be performed, or may never occur until after the ending of the particular estate. Kent. V., 4, 202, 205, 206; Johnson v. Jacob, 11 Bush 647; Jailette, et al. v. Bell, et al., 110 S. W. 298. At the time the life estate, in the instant case, began, it is apparent that it could not be known nor ascertained, who would take the property at the termination of the life estate, nor could it be ascertained until the life estate determined by the death of J. S. Kalfus. Hence, the remainder interest which finally vested in Addie K. Davie did not and could not vest in her until the death of J. S. Kalfus. As a general rule, it may be conceded, that where a lien upon real estate is attempted to be enforced, that the tenants who are in possession, who own particular estates and all who own vested remainders or interests, must be made parties if a sale of the property carries a title to the fee simple. Hermann v. Parsons, 117 K. 239; Jailette, et al. v. Bell, et al., *supra;* Whallen, et al. v. Kellner, et al., 104 S. W. 1018.

In the instant case, if previous to the death of the life tenant some one had been joined in the suit as the owner of the remainder, at the death of the life tenant, such person would probably have had no interest whatever in the remainder. In Johnson v. Jacobs, Jailette v. Bell, and Hermann v. Parsons, *supra,* the following was said and approved:

"It has frequently been held that a stranger to the instrument by which contingent limitations upon the title to real property are created, may by judgment reg-

ularly obtained against the life tenant in possession, bar the contingent remaindermen. The reason for this rule is obvious. If such was not the rule, the deed or will of a grantor or testator might so limit the title passed as to leave the holder of an outstanding and paramount title without remedy, because of his not being able until after the happening of some remote event to ascertain the persons against whom to institute his action.''

This doctrine is upheld, also, in Fritsch v. Klansing, 11 R. 788; R. A. Robinson's Sons v. Columbia Finance & Trust Co., 19 R. 1771; Whallen v. Kellnor, *supra;* and Park v. Humpeck, 47 S. W. 768. In such states of case, the contingent remaindermen are bound by the representation of the life tenants and vested remaindermen, whose interests in preserving the property are identical and similar to the interests of the contingent remaindermen.

Section 3006, Ky. Statutes, which is a part of the charter of cities of the first class, reads in part:

''The fee simple of all lands in the city, and the full term and renewal of every leasehold carrying with it the value of the improvements thereon, shall be subject from and after the first day of September of each year to a lien for the city tax to be assessed thereon for the succeeding year, which lien shall be superior to homestead right and all encumbrances, whether made before or after that date, except state taxes, and shall take precedence of dower, curtesy, remainders, reversions, or future estates; and from the beginning of the action a lien for each tax bill assessed against the same owner or set of joint owners shall, also, arise upon every piece of land or improvement still owned by him or them, with a view to the sale of less than all the pieces for all the tax bill, subject to such marshalling of burdens as against third parties as the rules of equity may require. . . . .''

By the provisions of the statute, *supra,* the city has a prior and superior lien upon the whole property—the fee simple title, as against every claim, except the taxes due the state. In this case, the property was assessed against the holder of the life estate, who was primarily bound for the taxes, but the lien created applied to every interest in the property. By the suit, the lien was asserted against the fee simple in the property. The life tenant and all those having a fixed interest in the prop-

erty were made defendants to the suit. In City of Louisville v. Sonne, which was a suit to enforce a lien for taxes due the City, it was held that it was not necessary to make any person a party to the suit, except the person in whose name the property was assessed, if such person had an assessable interest in the property, "whether it be a life estate, remainder or a fee; and in such action the city may subject the fee in the land." The question of the title, which a purchaser at a sale, where all the persons owning interests in the land, were not made parties to the suit, is not before us for decision, as before the judgment appealed from was rendered all persons having an interest in the property were parties to the suit. The suit being filed in due time, preserved the lien which the city held for the taxes against the land. When the life tenant died, the property passed to Addie K. Davie, as the owner of the remainder, with the lien upon it, since she was not a necessary party to the suit until the death of the life tenant. In Wooley v. City of Louisville, 114 Ky. 573, the city was endeavoring to enforce a lien for taxes, where the particular estate was for life and the remainder contingent, the life tenant being the party defendant. At her death the owners of the remainder were made parties and they interposed a plea of the statute of limitations. The court held that the action did not accrue against them until the death of the life tenant and that the lien had not been lost by the failure to make them parties until that time.

(b) With reference to the claim that the recovery of the ten per centum penalty upon the amounts of the taxes, and for which judgment was rendered was barred by the five-year statute of limitations, it may be said that the recovery of the penalty was not sought until the filing of the amended petition on February 13th, 1915. The amended petition was offered on January 29th, 1915, but was not permitted to be filed until February 13th, 1915, on account of objections of appellants to its filing. The penalties were permitted to be added on July 1st, 1910, to all tax bills which were due and unpaid on that date. The filing of the amended petition, by which a recovery of the penalties was sought, was less than five years after the cause of action for their recovery had accrued. Louisville Car Wheel & Railway Supply Co. v. City of Louisville, 146 Ky. 573.

For the reasons stated the statute of limitations did not bar the recovery of either the taxes or the penalties.

(4) The appellants further plead that the laches of appellee in prosecuting its action was such that it is inequitable to now permit it to recover a judgment. It is insisted that in 1905 the appellee was made aware by the answer of J. S. Kalfus, that the tenant in possession had only a life estate in the property, and that the rents received from it were adequate to pay the taxes, and having neglected to compel the life tenant to pay them, that it would be inequitable after the termination of the life estate to coerce the payment from the remainderman. This action has not been prosecuted as expeditiously as it might have been done, in fact, very tardily, but it is not necessary to decide what would be the result of such delay, if the interest of some one had have intervened, who had been misled by the delay to acquire an interest, which he would not otherwise have done. Appellant, Burghard, does not anywhere pretend that he was a purchaser of the property without notice of the liens for the taxes, and is in the condition of any other *pendente lite* purchaser, and must be presumed to have made a purchase of it with full knowledge of the liens. In City of Louisville v. Sonne, *supra,* the action was brought against the owner of the remainder, against whom the taxes were assessed, in 1900. No step was taken in the case, except the filing of an amended petition, until 1902. No attempt had been made to require the life estate to pay the taxes, but it was held that the laches did not absolve the remainderman nor his interest in the property from the payments, as the property was still in the hands of the same parties as when the assessment was made. The delay which will relieve a purchaser who acquires his interest in property during the pendency of a suit to subject it to a lien for taxes, must be such a delay as amounts to gross and inexcusable negligence. Seibert, etc. v. City of Louisville, 125 Ky. 292. In the last mentioned case, the action was instituted against the appellant for the taxes and to enforce the lien for them, in 1896. No step was taken in the case until 1901. In 1905 the Columbia Finance & Trust Co., without actual knowledge of the *lis pendens,* became a purchaser of the property for value. It was held that the laches in that case did not relieve the property from

the lien, even in the hands of a purchaser for value.  In the instant case, the lien of the city was upon the fee simple in the property, and upon each interest in it.  It had a right to prosecute its action for the subjection of the property to the payment of its debt, and was not obliged to act as the guardian of any others' interest in the property.  It was the duty of those holding interests in the property to see that the taxes were paid and the one entitled to pay them, to do so, and for that purpose the courts were open to all having interests in the property.  City of Louisville v. Sonne, *supra.* In Joyes v. City of Louisville, 82 S. W. 432, 26 R. 713, the taxes were assessed against the remainderman, when the assessment should have been made against the life tenant.  The life tenant died and the life estate terminated.  The remainderman resisted the payment of the taxes upon the ground, that the assessment should have been made against the life tenant, and that because of the error in the assessment the remainder should not be liable for the taxes.  The court held that the property being owned by the life tenant and the remainderman, the taxes were a lien upon the interest of each, and as the life tenant had not paid the taxes, the remainderman must pay them to relieve the property of the lien. The City of Louisville v. Kohnhorst's Admr., 76 S. W. 43; Fenly v. City of Louisville, 119 Ky. 569, and City of Louisville v. Burke, 87 S. W. 269, are not analogous to the case at bar.  In the first two named, the remainders were vested, and the owners known and ascertained.  In the last named case the laches consisted of a failure to do any act in the prosecution of the suit for fifteen years, and a bona fide purchaser for value without actual notice of the pendency of the suit or the claim sued on, had become the owner of the property.  The delay in the prosecution of the suit showed a purpose to abandon the claim, or at least gross inexcusable negligence, in its prosecution.  Laches, as a defense to the enforcement of a lien for taxes, is not available, when the property is still in the ownership of the persons, who owned it, when the taxes were assessed, or their representatives, or purchasers with notice of the liens, and the enforcement of the lien imposes an unjust burden upon no one.

Hence, we are of the opinion that the facts plead in the answer, upon which appellants base their plea of

laches, were not sufficient to support a defense under the facts of this case.

(5) It is insisted that when the amended petition was filed, which made Addie K. Davie a party, that "it dropped" the other defendants, which was a substantial dismissal of the action as to the former defendants, and that she could not be substituted for the other defendants, and the action continued against her. This was not skilful practice, on the part of the appellee, but the dismissal, of the suit as to the former defendants, did not have the effect of releasing or destroying the lien sought to be enforced under the admitted facts of this case. The appellee was pursuing its right to subject the property under its lien. With the death of the life tenant, the interests of the former defendants in the property entirely ceased, and so were not necessary parties to the enforcement of the lien. If Addie K. Davie or her representative had any rights in the premises, which could be enforced against the former owners of the life estate, they could have brought them before the court upon a cross-petition, and caused the claims to be adjudicated. This was not a substitution of one defendant for all the others, in the meaning in which it is prohibited by law. To hold that this step was fatal to the enforcement of the lien upon the property, which is the entire relief to which the appellee is entitled, after judgment, and the substantial rights of no one having been violated, would be adhering to the shadow and disregarding the substance.

(6) It is finally insisted that it was error to render a personal judgment against the Louisville Trust Company for the taxes, interest and penalties. The appellant, Trust Company, was not personally bound for the taxes, as the decedent was not so bound. It is true, it sold the property under the power of alienation given to it by the will of decedent, but that fact, as held, did not destroy the lien of appellee, and its right to enforce the collection of the taxes by a sale of the property. The taxes were not assessed against the appellant nor the decedent. The only right appellee could enforce against either of them was a sale of the property of which they had become owners to satisfy its lien. Hence, the personal judgment against the appellant was error.

For the reasons indicated the judgment is reversed so far as it is a personal judgment against the Louisville

Trust Company, but in all other things it is affirmed, and the cause remanded with directions to enter a judgment consistent with this opinion.