## Fisher v. Shanks.

· (Decided September 29, 1925.)

### Appeal from Warren Circuit Court.

1. Judicial Sales—Judicial Sale Need Not be ·Conducted on First Day of Court—Day May be Selected by Commissioner.—Ky. Stats., section 1682, requiring sales of realty to be on first day of court, does not apply to judicial sales controlled by Civil Code of Practice, section 696, containing no such provision; and decree authorizing commissioner' to select date for sale of property was not error.

2. Taxation—Objection that Notes Not Listed for Taxation as Required· by Statute Cannot be Raised After Judgment.—Under Ky. Stats., section 4019a-13, providing that failure to list note for taxation may be pleaded as defense to an action on note, such objection, raised after judgment, did not come within the statute.

3. Taxation—Listing Purchase-Money Notes After Report of Sale Sufficient Under Statute.—In a proceeding to sell land for failure in payment of purchase-money notes, listing notes for taxation after report of sale held sufficient protection to Commonwealth under Ky. Stats., section 4019a-13.

RODES & HARLIN for appellant.

G. D. MILLIKIN and THOMAS, THOMAS & LOGAN for appellee.

Opinion of the Court by Judge McCandless—Affirming.

In a suit on purchase money notes executed for a house and lot, judgment was rendered for the amount of the notes and for a sale of the property. The decree authorized the master commissioner to select the day for the sale. This did not take place on the first day of a county or circuit court, but was held at the courthouse door and was in all other respects regular, the property bringing more than two-thirds of its appraised value.

Exceptions to the report of sale were filed on the grounds (1) the commissioner could not be authorized to fix the time of sale; (2) that the property was sold to enforce the payment of a note which had not been listed for taxation in the county of appellee's residence.

In response to the second exception plaintiff admitted that he had failed to list the note for taxation, but alleged that he did list the property for which it was executed, and that since the filing of the exceptions he had filed a petition in the county court seeking permission to list the note and have the assessment certified to the sheriff for payment. The exceptions were overruled and defendant appeals.

(1) By the provisions of 1682, Kentucky Statutes, sales of real property sold under execution must take place on the first day of some circuit or county court. This statute does not apply to judicial sales, which are controlled by the provisions of section 696 of the Civil Code, and which contain no such direction as that mentioned. Ordinarily there is a better attendance on the first day of court, and it is customary for the decree to fix the time of sale on such day, but in the absence of a statutory direction, it is not illegal to hold such sales on other days, and as there is no controlling statute requiring the court to fix the time of sale, it may authorize the commissioner to do this.

The identical question was before this court in Berry v. Berry, 9 Ms. Opinions 598, in which it was said: "The only other question is, did the court commit a reversible error by directing the land to be sold at a time to be fixed by its commissioner? Although it is better practice for courts to direct the time and place for sales of real estate, yet the mere omission to direct when the land should be sold is in our opinion not a reversible error." See also 35 C. J., pages 33-35.

(2) Section 4019a-13, Kentucky Statutes, provides that "the failure to list any note or bond shall be a bar to any action upon the same in any court and may be pleaded as a complete defense. But the holder thereof may at any time pay all taxes, penalties and accrued interest and thereupon be relieved from the defense above provided."

This matter was not pleaded as a defense to the action; but the question was raised after judgment by an exception to the report of sale and by tender of an amended answer, hence it did not come within the letter of the statute. It raised an issue that would have been triable in the action, and as to it the judgment was a finality, unless modified or set aside in the manner and for the reasons provided in the Civil Code of Practice, something not attempted here. Aside from this the report shows that the Commonwealth is fully protected by the steps taken.

Perceiving no error the judgment is affirmed.