## Leming et ux. v. Farmers' National Bank.

(Decided February 11, 1930.)

HUBBARD & HUBBARD, EUGENE HUBBARD and ROBERT HUBBARD for appellants.

WILLIAMS & HANDLEY and O. M. MATHER for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The Farmers' National Bank instituted an action in equity against B. F. Leming and wife to enforce a mortgage lien upon real estate. Various defenses were interposed by the defendants, and they instituted an independent action in equity against the Farmers' National Bank for the purpose of vacating a judgment of the Larue circuit court and obtaining cancellation of certain obligations held by the bank, including those sought to be enforced. The cases were consolidated, and the trial court rendered a judgment in favor of the bank. Leming appeals and insists that the judgment of the Larue circuit court entered in May, 1922, was void, because it was not signed at the end thereof, and that the bank unreasonably delayed action, during which time the position of appellants was prejudiced, and for that reason the bank is now estopped to enforce its claim. The chancellor, in disposing of the first contention, held that it was wholly immaterial whether the judgment was valid or invalid, since the note and mortgage sued upon were given for the same debt which had been merged in the judgment. If the judgment was void, it had no effect on the note and mortgage, since the original debt afforded sufficient consideration to support the new security. If the judgment was valid, it was superseded by the subsequent contract executed to secure its payment. It is quite clear that, after executing the note and mortgage in satisfaction of the judgment, the validity of the judgment was no longer material. It appears, moreover, that the judgment was rendered by a court having jurisdiction of the subject-matter and of the parties, and it was regularly rendered and entered. The only com-

plaint of it is that the signature of the judge was separated from the end of the judgment by an intervening space. Such defect, if it was a defect, could have been corrected at any time by the presiding judge of the court. Ky. Stats., sec. 977; Anderson's Committee v. Anderson's Adm'r, 161 Ky. 18, 170 S. W. 213, L. R. A. 1915C, 581. Appellants did not assail the judgment or complain thereof in any way. They obtained further credit by giving a note and mortgage for the amount of it due six months later, and we see no occasion for discussion concerning the validity of the judgment.

Appellant earnestly argues that, if an instance ever was presented in which a cause of action should be denied because of neglect and carelessness, the present case furnishes the example. It is said that the appellant was merely the accommodation indorser of his brother whose financial condition was failing; that the indebtedness of the brother to the bank was large and his property depreciating in value; that he exchanged his property in Kentucky for property in Illinois, thus rendering it impossible to collect a judgment here. Mere indulgence is not laches and does not release a debtor. The appellant acquiesced in the delays now complained of, and there is testimony that he solicited the appellee to be lenient. The note and mortgage sued on were renewals given subsequent to the happening of much that is complained of, and the indulgence given by the bank did not preclude appellant from protecting himself. It is argued that the doctrine of laches is not a mere matter of time, but principally a question of prejudice founded upon some change in the condition or relation of the parties to the property or thing involved. Medley v. Johnson, 200 Ky. 689, 255 S. W. 532. Laches is not delay merely, but delay that works disadvantage. McDonald v. Baker, 207 Ky. 293, 269 S. W. 338. So long as the parties are in the same condition, it matters little whether one presses a right promptly or slowly within the limits provided by law. But he may by laches lose his rights by permitting a disadvantage to accrue to the other party. Culton v. Asher, 149 Ky. 659, 149 S. W. 946; McDowell v. Bauman, 189 Ky. 136, 224 S. W. 641. Plainly these principles have no application to a case like the one before us. The bank held the written obligation of the appellant. It had a right to rely upon that obligation and to pursue its remedies according to law.

If anything was occurring that was calculated to alarm the debtor, he had a remedy to procure indemnity for himself, or to enforce his rights against his brother for whose accommodation he acted. Counsel's diligence has discovered no authority for the position that a note and mortgage may not be enforced because of a delay of nearly 2 years in instituting action. The statute of limitations in such case is 15 years (Ky. Stats., sec. 2514). The bank was not obliged to sue upon its debt or called upon by appellants to do so. It had a legal right to be indulgent within the period of limitation. It committed no affirmative act which deprived the appellants of any security or remedy, or which hindered or prevented them from protecting their own rights. Appellants could not rely upon a statement that the note and mortgage would not be enforced against them in the face of insistence by the bank that it have the note secured by mortgage. The finding of the circuit court was supported by the evidence, and we concur in its conclusions.

Many other defenses were presented in the circuit court, but we have discussed only those that were urged here.

The judgment is affirmed.