## Miller v. Tennessee Chemical Co. et al.

(Decided Oct. 27, 1933.)

R. E. LLOYD and E. C. MOORE for appellant.

O. B. BERTRAM and ROBERT ANTLE for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Reversing.

The Tennessee Chemical Company brought this action on May 5, 1930, against Orla L. Miller and his wife, Effie Miller, and W. J. Miller, alleging these facts:

On February 23, 1927, it recovered a judgment in the Russell circuit court against Orla L. Miller in the sum of $367.77, with interest, subject to a credit of $11.65, on which judgment $80 was paid by Orla L. Miller on June 29, 1927. The plaintiff took out an execution upon the judgment on July 7, 1928, which was levied on August 3, 1928, upon a tract of land in Russell county on which Orla L. Miller and wife resided. A venditioni was issued on August 3, under which the land was sold on August 13, 1928. At the sale it was bought for the debt by an agent of the plaintiff, who assigned his bid to the plaintiff. The land was appraised at $1,500. W. J. Miller appeared at the sale and gave the public notice that he had a lien on the land for unpaid purchase money, amounting to more than the value of the land, and objected to the sale. The plaintiff's debt was unpaid, and it prayed that it have a lien on the land for its debt and cost and that the lien be enforced.

W. J. Miller filed his answer and cross-petition in

which he set out these facts: On July 22, 1921, C. O. Barnes and Effie Barnes, his wife, sold, and by their deed conveyed to Orla L. Miller, the tract of land in controversy for $2,850, of which $1,000 was paid in cash; Orla L. Miller executed his note for $2,850, due one day after date to Barnes and wife, and they, on September 21, 1921, for value received, assigned the note to W. J. Miller. Orla L. Miller paid the interest on the note until September 1, 1921, and also paid on September 1 $1,255 of the principal. W. J. Miller then paid Barnes the balance due on the note. Orla L. Miller paid W. J. Miller on the note $120 on January 17, 1923, and also paid him in paint $23.85. No other part of the note had been paid. The deed which Barnes made to Orla L. Miller retained a lien upon the property for the payment of the note, but the deed was not recorded and was not in fact lodged for record or recorded until October 13, 1930. Miller by his answer and cross-petition asserted a first lien on the land, and prayed that it be enforced. The plaintiff filed a reply, in which it denied the purchase of the note by W. J. Miller or the assignment of it to him by Barnes and wife, and pleaded in effect that Orla L. Miller was the son of W. J. Miller; that Effie Barnes was his daughter; that Orla L. Miller and Effie Barnes were the only children of W. J. Miller and wife; that they had conveyed the land to Barnes and wife on August 3, 1910; and that, when Barnes and wife sold to Orla L. Miller, they had paid the balance of the purchase money due Barnes by Orla L. Miller as an advancement to him to make him equal with the sister, Mrs. Barnes. They also pleaded that Miller, in giving in his property for taxation, had not listed this note for the years 1921 and 1927, and relied upon the statute, which provides:

"In addition to the penalteis provided in the preceding section, failure to list any note or bond shall be a bar to any action upon the same in any court and may be pleaded as a complete defense. But the holder thereof may at any time pay all taxes, penalties and accrued interest and thereupon be relieved from the defense above provided." Ky. State. sec. 4019a-13.

W. J. Miller filed an amended answer showing that he had listed the note for taxation for the years in which it had been omitted from his list and had paid

the taxes since the suit was brought. On final hearing the circuit court gave judgment enforcing the lien of the chemical company and adjudging the note of W. J. Miller to be a second lien on the property. He appeals.

It will be observed that, while the statute provides that the failure to list any note may be pleaded as a complete defense to any action upon it, it is further provided that the holder may at any time pay all taxes, penalties, and accrued interest, and thereupon be relieved from the defense above provided. In De Busk v. Perkins, 207 Ky. 556, 269 S. W. 716, 718, the holder of the note had failed to list it, and this was relied on. The court said:

> "Under the terms of the section of the statute, supra, he may yet do so, and thereby deprive the defendant of that defense, but until he does so he should not be permitted to maintain this action to collect them, since the statute has been held by us to be constitutional in the case of Kennedy v. Kennedy, 197 Ky. 784, 248 S. W. 182. It is a wholesome one and intended to purge the conscience of the taxpayer and force him to perform his duties of correct citizenship by contributing his proportion to the public treasury."

In Fisher v. Shanks, 210 Ky. 338, 275 S. W. 803, 804, the plaintiff had failed to list the note for taxation, but after the judgment in the case had listed it. The court, holding that the amended answer came too late, added these words:

> "Aside from this the report shows that the commonwealth is fully protected by the steps taken."

The plain purpose of the statute, read as a whole, is to secure the collection of the taxes by the commonwealth. The provision that the holder of the note "may at any time pay all taxes," etc., was clearly so meant, and cannot be restricted by the court, and therefore the listing of the note by W. J. Miller after the issue was made in this case was within the statute. Appellee relies on section 496, Ky. Stats., which provides that no deed shall be valid against a purchaser for valuable consideration, without notice thereof, until the deed shall be acknowledged and recorded. But the statute is intended for the protection of a purchaser from the grantor before the deed is lodged for record. If appel-

lee was a creditor of Barnes, this section would apply, but the failure of its debtor, Orla L. Miller, who was the grantee in the deed, to have it recorded, in no manner affects the rights of appellee, as his creditor, to a preference over his other creditors. Until the deed was recorded upon the record, Barnes was apparently the owner of the property. Appellee was in no wise misled by the record, although Orla L. Miller was living in the property.

Appellant also relies on section 500, Ky. Stats., which provides that any contract for sale of land or any interest therein may be recorded and shall from the time of lodging for record be notice of contract to all persons. The instrument in question was a deed and was governed by section 496. Section 500 only applies to contracts which are not deeds.

Lastly, it is insisted that W. J. Miller, when he paid the money and took an assignment of the note, was simply making an advancement to his son, and that this is evidenced by the fact that he did not for some years list it for taxation and allowed his son to remain in possession of the land. But this is in conflict with the testimony of the parties, and, if this is what the parties intended, there was no need for Barnes to assign the note to W. J. Miller and for W. J. Miller to keep the note. In addition to this, the undisputed proof is that Orla L. Miller paid W. J. Miller on January 17, 1923, $120 on the note and paid him in paint $23.85. This was long before the indebtedness to the appellee was incurred, and shows how the parties then understood the transaction.

The amended answer of W. J. Miller was properly allowed to be filed by the circuit court. It simply set up a record which he had neglected to set up by amended answer before. The judgment was entered after the amended answer was filed. On the whole case, the lien of W. J. Miller retained in the deed is superior to the lien of the appellee under its purchase at the sale under the venditioni, and the court should so have adjudged.

Judgment reversed, and cause remanded for a judgment as above indicated.