### DE LONG v. OWSLEY et al.

Court of Appeals of Kentucky.
Feb. 23, 1951.

Rehearing Denied May 25, 1951.

Hal O. Williams, John H. Chandler, Louisville, for appellant.

Allen P. Dodd, Jr., and Dodd & Dodd, all of Louisville, James F. Clay, Danville, for appellees.

LATIMER, Justice.

This is the second appeal in this action. The suit instituted by Mrs. J. S. Owsley, executrix, is based on two notes given by appellant, defendant below, to the deceased Owsley for services rendered by him as her attorney. At the first trial, the court refused to allow appellant to file an amended answer pleading failure to list the notes for taxes as a bar to the action and as a complete defense under KRS 132.300. On appeal this court reversed the ruling. DeLong v. Owsley's Ex'x, 308 Ky. 128, 213 S.

W.2d 806. Pursuant to mandate in above appeal, the trial court permitted the filing of amended answer. Plaintiff then listed the notes and paid the taxes thereon. Defendant then filed additional amended answer, pleading the statute of limitations as a bar to the action. A demurrer was sustained to this amended answer.

Defendant then filed two additional amended answers. In the first she alleged that the consideration for the notes was dependent upon the contingency, that attorney, J. S. Owsley collect certain monies claimed as being due from defendant from her father's estate. It was alleged that Owsley failed to collect any funds or monies from the estate for the benefit of defendant; that after such failure, attorney Owsley fraudulently refused to return the notes to defendant; and that the procurement of the notes by Owsley and the attempt on the part of his personal representative to collect same consitute a fraud upon defendant.

In the other amended answer it is alleged that the contract of employment between the plaintiff's testator and defendant was terminated by the death of Owsley, and that because of his death it was impossible further to perform the contract, consequently there was a failure of consideration.

The cause then went to trial and the court peremptorily instructed the jury to return a verdict in favor of the plaintiff. Defendant appeals.

She is here insisting first that the court erred in sustaining demurrer to the amended petition pleading the fifteen year statute limitation as a bar.

The pertinent facts in outline form, are:

Appellant retained Owsley as her attorney.

On June 19, 1928 appellant gave Owsley two notes "for legal services".

On June 19, 1929 appellant gave two renewal notes "for value received".

On January 20, 1934 Owsley wrote appellant saying nothing more could be done except to appeal.

In 1936 Owsley died.

On April 3, 1945, which was about two months before the expiration of the statutory period of limitations, this action was commenced.

By the time the trial was resumed pursuant to opinion and mandate in the first appeal, considerable time had elapsed. In fact, the taxes were paid on the notes on April 19, 1949 or almost 20 years after the notes were executed.

Appellant contends that appellee had no right to commence nor could the action properly be commenced until the taxes had been paid and that since more than the statutory period of fifteen years had expired before the taxes were paid, her plea in bar was good and the court erred in sustaining demurrer thereto.

Appellee contends that this statute does not constitute a bar to the commencement of an action, as evidenced by the language that failure to pay "may be pleaded as a complete defense," and, further, by the provision that the taxes may be paid "at any time", thereby dissipating the defense.

The wording of the statute seems to indicate the right to commence the action. In other words it does not render the commenced action void, but operates only to suspend the remedy when failure to list and pay has been pleaded until such time as there is compliance with the statutes.

A number of cases decided by this court have allowed the plaintiff to pay the taxes and thereby remove the bar after the action has been commenced. DeBusk v. Perkins, 207 Ky. 556, 269 S.W. 716, page 718; Miller v. Tennessee Chemical Co., 251 Ky. 30, 64 S.W.2d 437; Holmes v. Clark, 274 Ky. 349, 118 S.W.2d 758; Goff v. Charles, 284 Ky. 64, 143 S.W.2d 866.

In Fisher v. Shanks, 210 Ky. 338, 275 S. W. 803, we held that it was too late after judgment to raise the objection that the notes had not been listed for taxation.

The statute above is to assure payment of taxes and was not enacted to favor debtors. See Kennedy v. Kennedy, 197 Ky. 784, 248 S.W. 182; Langstaff et al. v. Meyer, 305 Ky. 116, 203 S.W.2d 49.

■ The above indicates that appellee had a right to commence this action. This was done within the statutory period, even though a defense existed until the taxes were paid.

The other questions raised by appellant have to do either directly or indirectly with lack of or failure of consideration.

We cannot ignore KRS 356.024 which reads: "Consideration presumed. Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value."

■ Attention is again directed to the facts that the notes sued on were renewal notes, and that instead of the expression "for legal services" as appears in the original note, we find the expression "for value received". However, appellant contends that there should be an exception made to the statute above because herein an attorney-client relationship is involved and that since a client may discharge his attorney without cause during any proceeding he may thereby be released from paying the attorney the full contract price of his services.

It is contended that Owsley, by taking the notes, foreclosed the ordinary defenses of appellant in an action by Owsley for his fee and that his executrix should have the burden of proving that there was a contract for services; that the contract was fair; that there was performance; and that the amount claimed was the reasonable value of the services performed. Appellant's reasoning has some basis in the text. See 5 Am.Jur., Attorney at Law, Sections 188, 189 and 190. But, this is not an action on a contract for service. It is an action on a negotiable instrument.

However, in the light of the facts in this case, that is, where legal service had been performed through a number of years; when original notes had been given "for legal service" and where later renewal notes are given "for value received", there can possibly be no justification for making an exception to the statute above.

It can not be gathered from the evidence what the contract was between the parties, or for what legal services the notes were given. Whether given for past, present or future services can not be shown by appellant, because it involves a transaction with a dead man. Both parties are handicapped, one by death and the other by section 606 of the Code of Civil Practice.

■ Obviously, appellant failed to meet the burden of proof required to show either lack or failure of consideration. The court properly gave the peremptory instruction.

The judgment is affirmed.