CASE 104.—ACTION BY LOUISVILLE DRY GOODS COMPANY
    AGAINST J. W. LANHAM AND OTHERS.—June 17,
    1910

## Lanman, &c. v. Louisville Dry Goods Co.

Appeal from Mercer Circuit Court.

M. C. SAUFLEY, Circuit Judge.

Judgment for plaintiffs, defendants appeal.—Affirmed.

1. Appeal and Error—Amendments to Pleadings—Ruling of
   Lower Court—Discretion—Review.—Under Civ. Code Prac.,
   section 134, authorizing amendments to pleadings at any
   time in furtherance of justice, the action of the lower court
   in admitting or rejecting amendments will not be disturbed
   on appeal, unless there has been a manifest abuse of discre-
   tion.

2. Pleadings—Amendments—Refusal to Allow.—Where the low-
   er court had reasons to believe that the sole purpose of de-
   fendants in offering to file an amended answer was to get the
   case out of the jurisdiction of the state court, which had
   power to administer a trust created by a preference and get
   it into the federal court, which could not administer it be-
   cause four months had expired from the date and recording
   of a mortgage to the institution of proceedings in that court,
   the trial court did not abuse its discretion in refusing to
   allow the amended answer to be filed.

3. Appeal and Error—Former Opinion—Effect on Subsequent
   Appeal—Personal Judgment.—Where, in a former opinion,
   the court of appeals said that plaintiff was entitled to a
   personal judgment against defendant after his application
   for a discharge in bankruptcy had been acted on by the fed-
   eral court, and it was made to appear to the lower court
   that the federal court had finally acted upon the application
   and granted defendant a discharge, it was not error to grant
   a personal judgment against defendant.

H. H. GAITHER for appellants.

C. E. RANKIN for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This is the second appeal of this case. The present appellee was the appellant on the first appeal, and the judgment was reversed and remanded. In the opinion on the first appeal. (121 S. W. 1042, 135 Ky. 163), this court decided that the United States District Court could not discharge Lanman from a debt created by his fraud, and also that it could not administer the trust created by Lanman, when he executed the mortgage to his coappellant in contemplation of insolvency and with the intention to prefer them, because more than four months had elapsed from the recording of the mortgage to the time of the institution of the proceeding in bankruptcy. On the return of the case to the lower court, appellants offered to file an amended answer, in which it was denied that Lanman executed the mortgage to his codefendants in contemplation of insolvency or with the intention of preferring them, denied all fraud, and again set up Lanman's proceeding in the United States District Court in bankruptcy. They alleged that one Hardin was appointed his trustee in bankruptcy; that, by order of that court, Hardin had taken charge of and sold all of his property; that the court had made a final order discharging him from all of his debts and liabilities; that appellee had due and timely notice of all the proceedings therein, but failed to file its claim in the bankruptcy court; and that, by reason thereof, it was barred from further proceedings to collect it. The lower court refused to allow the amended answer to be filed, and adjudged that Lanman, by the execution of the mortgage to his coappellants, intended to and did prefer them over his other

creditors; that the making of the mortgage, under the circumstances, operated to transfer all his property for the benefit of all his creditors, and directed the property to be sold for that purpose, and also rendered a personal judgment against Lanman for the debt sued on.

Appellants ask a reversal for the reason that the court refused to allow their amended answer to be filed, and also for the alleged error committed by the court below in rendering a personal judgment against Lanman. Section 134, Civ. Code Prac., authorizes amendments at any time before judgment in furtherance of justice. This court has often decided that the action of the lower court in admitting or rejecting amendments will not be disturbed, unless there has been a manifest abuse of discretion by the lower court. See notes 10 and 11, section 134, Civ. Code Prac., and the authorities therein cited. The lower court had reasons to believe that the sole purpose of appellants was to get the case out of the jurisdiction of the state court, which had power to administer the trust created by the preference, and get it into the federal court, which could not administer it because more than four months had expired from the date and recording of the mortgage to the institution of the proceeding in that court. For these reasons, we cannot say that the lower court abused its discretion in refusing to allow the amended answer to be filed. In the former opinion this court said that the dry goods company was entitled to a personal judgment against Lanman after his application for the discharge in bankruptcy had been acted on by the United States District Court, and it was made to appear to the lower court that the federal court had finally acted upon the application and

granted Lanman a discharge. For these reasons, the lower court did not err in rendering the personal judgment against Lanman.

Judgment affirmed.