## Callahan v. Dine's Furniture House.

### (Decided Oct. 8, 1935.)

CHAS. E. LESTER, Jr., and LAWRENCE RIEDLINGER, Jr., for appellant.

OSCAR H. FORSTER for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

About August 2, 1933, Helen Hilbert (now Callahan) an unmarried woman, contemplating marrying, and in anticipation of beginning housekeeping after

her marriage, purchased of Dine's Furniture House, Newport, Ky., various articles of "furniture and household goods," at the agreed price of $835. In making the trade for them, she dealt mostly with Mr. Bresnen, a salesman of the Dine's Furniture House.

The basis of this litigation is the terms of the sale and the manner of payment. After the "furniture and household goods" were delivered to her, she contended that different articles were defective or had been injured at the time of their delivery to her. The Dine's Furniture House endeavored to satisfy her respecting the condition of the furniture at the time of its delivery. Consequently, she failed to pay for it for an indefinite period of time. Finally, this action was brought to recover of her the agreed price of $835 and interest.

In the petition M. Romanow alleged he engaged in the retail furniture business at Newport, Ky., "under the firm name and style of Dine's Furniture House," and had sold and delivered to her about August 2, 1933, the furniture described in the petition at the agreed price of $835. The petition was filed March 9, 1934. Summons was executed March 19, 1934. On the 18th day of April, 1934, she filed an answer traversing the petition. On the 21st day of April, 1934, an order was entered setting the action for trial on May 3, 1934. On May 3d, it was "remanded to the rules." On the 19th day of May, again it was set for trial on May 25th, at which time she tendered an amended answer, to the filing of which Romanow objected, and his objection was sustained. The amendment to the answer was made a part of the record by an order of court. A jury was impaneled, and, after hearing the evidence under the directions of the court, returned a verdict for Romanow. In the tendered amendment she admitted that she had made the contract with the Dine's Furniture House for the articles of furniture described in the petition, and further alleged that it was a part of the contract of purchase, that she was to "procure her father to transfer or cause to be transferred, to the Dine's Furniture House, certain of her father's shares of stock in the National Loan and Building Association No. 1, Newport, Kentucky, a corporation, of the value of Eight Hundred and Thirty-five [$835.00] Dollars, and had the transfer evidenced by a passbook therefor," and that the Dine's Furniture House by and through "its agents,

servants and employees'' agreed to accept the stock in satisfaction of the contract price of the ''furniture and household goods.'' She offered to tender the stock to Dine's Furniture House which she alleged was in accordance with the terms of the trade.

She is here arguing many questions and citing numerous authorities, but as we view the case, there are only two questions presented by the record: First. Does the evidence sustain the allegations of the petition? Second. Did the court err in overruling the motion to file the amendment to the answer?

Romanow alleged in his petition that he was the owner of the Dine's Furniture House. The answer denied this allegation. Bearing on this issue, his uncontradicted testimony is that his wife and he were formerly the joint owners of the Dine's Furniture House; that he had purchased her interest and was sole owner of the business and conducted it in the name of Dine's Furniture House at the time the articles were sold and delivered to the defendant.

Sections 199b-1 and 199b-2, Kentucky Statutes, require a business to be conducted in the real name of the parties in interest, unless the certificate therein defined is filed with the county court clerk of the county in which the business is conducted.

Romanow and his wife, previous to the sale of the articles to Helen Hilbert (now Helen Callahan) had filed a certificate in the office of the county court clerk, required by section 199b-1. After M. Romanow acquired the interest of his wife in the business, he conducted it in the name of Dine's Furniture House, without filing a certificate as required by this section.

It is the insistence of Helen Hilbert (now Callahan) that the certificate filed with the county court clerk by Romanow and wife is conclusive evidence of the ownership of the business, and that, notwithstanding the testimony of M. Romanow, showing his sole ownership, she was entitled to a peremptory instruction. We cannot concur in this insistence.

True it is, the certificate was competent evidence on the question of ownership, but insufficient to overcome the testimony of Romanow respecting this topic.

The determinate question herein is the propriety of the action of the court overruling her motion to file the amendment to her answer.

Accepting her version of the trade, as it is stated in the tendered amendment, the facts set forth in it naturally were as well known to her at the time she filed the original answer in which she denied the allegations of the petition as they were at the time she tendered the amendment containing them. The tendered amendment discloses no reason for her not sooner presenting as a defense the facts alleged in it. The cause was assigned to a fixed date for trial and again reassigned for trial at a later date. The record fails to disclose any reason for failing to tender the amendment previous to, or until, the day the case was set for trial.

The Code rule (section 134, Civil Code of Practice) is:

"The court may, at any time, in furtherance of justice * * * permit a pleading or proceeding to be amended, * * * if the amendment do not change substantially the claim or defense."

It is superfluous to say that the tendered amendment not only changed substantially the defense, but presented an entirely new defense, the facts constituting which, necessarily, were as well known to her at the time she filed her original answer as they were at the time the amendment was offered.

Viewing the action of the court overruling the motion to file the tendered amendment, in the light of the record, together with the fact no reason is assigned in the pleading for the delay in the tender of the amendment, we are not prepared to say that the trial court abused a sound discretion in refusing to permit it to be filed. See Lanman v. Louisville Dry Goods Co., 138 Ky. 798, 129 S. W. 111; Randolph's Adm'r v. Snyder, 139 Ky. 159, 129 S. W. 562; Robards v. Robards, 110 S. W. 422, 33 Ky. Law Rep. 565; Hardison v. Pace (Ky.) 121 S. W. 671; Foxwell v. Justice, 191 Ky. 749, 231 S. W. 509.

Wherefore, the judgment is affirmed.