## Shropshire et al. v. Shropshire.

March 8, 1940.

W. B. Ardery, Judge.

R. W. Keenon for appellants.

Raymond Connell for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellant, Mrs. Nellie U. Shropshire, is the owner of a farm at the intersection of the Shropshire turnpike with the Leesburg and Newton turnpike in Bourbon County and the appellant, Harold Shropshire, is her son. Harold, in conjunction with his father, R. L. Shropshire, the husband of Nellie U. Shropshire, had active charge of the operation of the farm. The appellee, Lard Shropshire, is the owner of a one-half undivided interest in a farm on the Shropshire turnpike adjoining the farm of appellant, Nellie U. Shropshire.

A short while before the institution of the present action Harold Shropshire, acting as agent or servant of his mother, changed the fencing on her farm near the intersection of the two turnpikes and in doing so reset the corner post at the turnpike intersection. This action was filed by the appellee against appellants alleging that the corner post had been moved and reset so close to the metal of the two turnpikes at their intersection as to interfere with the appellee in his free use and enjoyment of the highway at that point; it was alleged that in attempting to make the turn at the intersection with a hay wagon or with a large truck the corner post was so close to the turnpike that it would be struck with the wagon or truck, thereby interfering seriously with appellee's travel over the turnpike. A mandatory injunction was sought to compel the appellants to remove the post so as to permit free and unobstructive travel by appellee.

After the action was filed and process executed Harold Shropshire employed the firm of Bradley and Blanton to represent him and his mother. This employment was ratified by Mrs. Shropshire and the day before the trial she talked over the telephone with Mr. Blanton, one of her attorneys, about the case and was advised by Mr. Blanton as to its status. She assured

Mr. Blanton that her son and her husband would be present at the trial the next day and would have the necessary witnesses with them to testify as to the matters in issue.

The case went to trial on June 22 before the Bourbon Circuit Court and the evidence was heard orally by the court and taken down by the official stenographer. Mrs. Shropshire did not attend the trial. A large number of witnesses testified for the respective parties and at the conclusion of the evidence the trial court temporarily reserved decision.

After some conversation between the trial judge and the parties and their attorneys a settlement of the controversy was agreed on and an agreed order was entered. By this agreed order the Bourbon Fiscal Court was to pay the costs and was to move the corner post back along one line of the fence and furnish and install another corner post in the other line "at such points as when fenced the U. S. bench mark will be just inside defendant's inclosure, and that the Bourbon Fiscal Court pay the cost of this action, which is now and hereby filed away." The U. S. bench mark referred to in the order was a marker placed just inside the fence line of appellants and was located a few feet back of the corner post.

On June 30, eight days after the entry of the agreed order, the appellants moved the court to set aside the order and in support thereof filed their affidavits. The affidavit of Harold Shropshire states that he agreed as a compromise to move the corner post but that such agreement on his part was without authority of his mother. He states in this affidavit that nothing was said as to the distance the post was to be moved and that he did not understand that it was agreed to move the' post back so that the U. S. bench mark would be just inside the property line and that the only thing he understood or agreed to was that the location of the post when moved would be later agreed upon. The affidavit of Mrs. Shropshire states that she did not authorize her son or her attorneys to make any compromise of the case and especially that she did not authorize the agreement that was actually made. Affidavits filed by the attorneys who engaged in the trial of the case, together with the bill of exceptions, make it perfectly apparent that

Harold Shropshire and his father were present when the agreement was made and that they both understood in full the effect of the agreed order and that Harold knew that the corner posts were to be arranged so that the U. S. bench bark would be just inside the inclosure. The trial court overruled the motion to set aside the agreed order and this appeal follows.

At the outset it must be conceded that in this state the law is well settled that an attorney employed in a cause has no authority to compromise it unless he is specifically authorized to do so by his client. Mason et al. v. Cook et al., 187 Ky. 260, 218 S. W. 740, and cases therein cited. In the present case however, the agreed order or judgment, which was signed and approved by the appellants' attorneys, was not merely an agreement or compromise approved only by the attorneys. It was approved by Harold Shropshire, one of the defendants in the action and the defendant who, as agent of the other defendant, was responsible for setting the corner post in controversy. As such defendant he employed counsel to represent him and his mother in the trial of the action. His mother constituted him agent for this purpose, as evidenced by the fact that she ratified and confirmed his action in so doing. Not only did she confirm his action in employing counsel for her but she placed him in charge of the litigation. She did not attend the trial herself but assured her counsel that her husband and son would be present at the trial with the necessary witnesses. In short she constituted her son and co-defendant her agent to take charge of the litigation and conduct same for her, and acting as such agent he agreed to the entry of a judgment which was satisfactory to him as joint defendant and as her agent, and which was also satisfactory to her husband. We do not mean to say that in every case a son who is looking after litigation for his mother may agree to the judgment to be entered in the case but we cannot escape the conclusion that under the circumstances of this particular case the son, who was also a joint defendant, was clothed with full power and authority to make the agreement that was actually made. There being no showing of fraud or collusion in the entry of the judgment, Mrs. Shropshire is bound by the act of her agent in consenting thereto.

It is contended by appellants that the agreed order is in effect a compromise and not supported by any consideration. The basis of this contention is that the evidence did not show that appellee was affected or injured by the corner post to any extent greater than the general public and consequently the court was bound to decide appellee was not entitled to the relief sought. Though it be conceded for the sake of argument that the court would have been bound to decide in favor of appellants, this contention is still without merit since there was an action pending in good faith, which had actually proceeded to trial with all evidence heard. It is not essential that the basis of a claim giving rise to a compromise should be certain and sure. If a claim is doubtful and asserted in good faith, a compromise will be upheld. Forsythe v. Rexroat, 234 Ky. 173, 27 S. W. (2d) 695. There can be no question but that there was at least a reasonable basis for both appellants and appellee to believe that appellee might be entitled to the relief sought and undoubtedly the action was filed and tried in good faith. This was sufficient to support the agreed settlement.

Judgment affirmed.