## Brock v. Turner Fuel Co.

Feb. 25, 1944.

730

Rose & Pope for appellant.

Carter & Hogg for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On December 10, 1940, a four-year old child of appellant, Shelby Brock, whose name was Bobby Brock, was killed by a coal car of appellee colliding with him when he was near to or upon its tramroad. Appellant was appointed and qualified as the administrator of his deceased infant son and as such filed this action against defendant in the Harlan Circuit Court to recover damages for his son's death which he alleged in his petition was due to defendant's negligence as charged therein.

The petition was filed by R. S. Rose, one of plaintiff's counsel, and was endorsed by the clerk of the Harlan Circuit Court: "Filed in my office, summons & 1 copy issued. Tax and $5.00 pd. Dec. 5, 1941." The summons and copy issued by the clerk at the time was delivered to Attorney Rose, but no service was ever had on defendant until June 11, 1942, it then being a second or alias summons. In due time following that service defendant appeared and filed motion that plaintiff be required to file evidence of his appointment as admin-

istrator, and at the same time demurred to the petition. On August 26, 1942, defendant answered denying the material allegations of the petition, and in which it pleaded two affirmative defenses. Later it amended its answer by pleading the statute of limitations of one year within which such an action might be commenced which, under the provisions of section 2524 of Carroll's Kentucky Statutes (KRS 413.250), shall be deemed to be "on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action." See also section 39 of the Civil Code of Practice.

There also appears in the record what purports to be the "affidavit of R. S. Rose" which follows, as inserted in the record, the defendant's amended answer pleading limitations; but the clerk makes this endorsement thereon: "There is no order entered of record filing the following affidavit." We are therefore without authority to consider it as a part of the record. In it the affiant states that on the day of the filing of the petition (December 5, 1941) "he procured a summons and copy and gave the same to the sheriff or one of his deputies of this county, the same day with instructions to summon this defendant, and that he does not know whether same was executed or not." Paragraph III of plaintiff's reply is a denial that the petition had not been filed (as was alleged in the answer) within 12 months after the death of plaintiff's decedent; but later in the progress of the cause—and on September 1, 1943—appears this order: "Came plaintiff and withdrew his order heretofore ordered controverting the allegations in the first amended answer which was done." That order is followed by the filing of defendant's second amended answer in which it set out the facts as to the date of the filing of the petition, the issuing of the summons, its failure to be served because not delivered to an officer, and the issuing of the second summons and its service. Plaintiff demurred thereto which the court overruled, and plaintiff declined to plead further, whereupon the action was dismissed because the issuing of the original summons and copy was not in good faith, whereby the limitation upon the filing of such action was not tolled. From that judgment the plaintiff prosecutes this appeal.

In brief for appellant two grounds are argued for reversal: (1) That the filing of a demurrer by defendant

to the petition after the service of the second summons and its motion to file exhibits and the filing of its answer constituted an estoppel on its part to later amend its pleading relying upon the statute of limitations, and (2) that the issuing of process upon the filing of the petition and its delivery by attorney to the sheriff on the same day was a compliance with the statutory requisite for the commencement of an action, which would be true if the process was delivered. They will be disposed of in the order named.

1. No authority in point is cited in support of ground (1). On the contrary we have held in a number of cases, with none to the contrary, that under the provisions of section 134 of the Civil Code of Practice a defendant may amend his answer by relying upon limitations at any time during the progress of the cause preceding judgment. Some of the many cases so holding are: Louisville & N. R. Co. v. Hall, 115 Ky. 567, 74 S. W. 280; Simpson v. Antrobus, 260 Ky. 641, 86 S. W. (2d) 544, and Louisville & N. R. Co. v. Alexander, 277 Ky. 719, 127 S. W.(2d) 395. Many other domestic ones could be cited to the same point, there being none to the contrary. Therefore ground (1) must be considered as without merit.

2. In disposing of ground (2) it should be remembered that the amended answer of defendant alleged the facts about the issuing of the process when the petition was filed, the delivery of it to plaintiff's counsel who kept it without delivery to the sheriff and his subsequent obtention of the second or alias process which was the first and only one ever served on defendant. It might also be said at this point that the record contains no copy of either the first or second summons, but it is admitted that the second one was served to which defendant responded by appearing in the case. There is no evidence in the record, of which we can take notice, that the attorney ever delivered the first summons to the sheriff for service on defendant since, as we have seen, the only statements with reference thereto are contained in what purports to be the affidavit of plaintiff's counsel but which, as we have seen, was not filed as a part of the record as the clerk so certifies. If, however, it had been filed, it was only evidentiary and did not take the place of a pleading wherein the delivery of the process to the sheriff was averred. Moreover, the purported affidavit,

if it could be considered, is not positive in its terms but rather expresses the conclusion of the alleged affiant when he says that the summons was delivered to the sheriff, *or one of his deputies*. But however that may be, the affidavit of the sheriff and those of his office deputies were filed in the case in which they positively state that no summons was ever delivered to them. Furthermore, counsel waited more than six months before he obtained the second summons and it did not purport (as the record discloses) to be an alias summons but an original one.

But, if the paper in the record called an affidavit had been regular and sufficient in every respect so as to entitle us to consider it, then the other testimony in the case expressly directed to the issue of delivery of the summons to an officer, plus strong probative circumstances, clearly indicate that counsel is mistaken when he states that he delivered the process to an officer for service that was issued upon the filing of the petition. In addition to the denial made by the sheriff and his chief deputies in support of defendant's amended answer alleging such denial, we have the fact that plaintiff's counsel never took any steps for a period of six months against the sheriff to show cause why he had not served the summons on defendant, during which period three regular terms of the Harlan circuit court were held as we judicially know from subsection 26 of section 23.050 of KRS. Instead he waited until the expiration of each of those terms and then obtained what appears to be an original summons of date June 10, 1942, after the service of which defendant appeared as hereinbefore stated. Such delay has been uniformly held by this court as destructive of ''good faith'' in the issuing of process necessary for the ''commencement'' of an action so as to toll limitation statutes. The question arose and was so determined in the two cited domestic cases supra and in the cases of Louisville & N. R. Co. v. Little, 264 Ky. 579, 95 S. W. (2d) 253 and Rucker's Adm'r v. Broadway Express, Inc., 279 Ky. 707, 131 S. W. (2d) 840, 843. In the opinions of each of them many others are cited to the same effect.

In the Rucker case the attorney who filed the petition and to whom the process was delivered by the clerk, did not deliver it to the sheriff for some six weeks, but his excuse therefor was that he was endeavoring to ascertain the name and location of defend-

ant's agent for the service of process in this Commonwealth during which he conversed with defendant's counsel. Furthermore it was shown that his wife was sick and had to be taken to the hospital following the filing of the petition and defendant was engaged at least a part of the time in looking after her welfare. In the circumstances we said in our opinion:

"We would be willing to say that a delay of six weeks in placing the summons in process of execution, without excuse and without circumstances indicating a present intention of having the summons executed, would be sufficient to show a lack of good faith. We hold only that the circumstances shown in this particular case are not such as to negative a lack of good faith at the time the summons was issued or to indicate abandonment of intention to have it executed in due course."

No such excuse was offered in the instant case. Moreover, no process was ever served on defendant except the one issued by the clerk on June 10, 1942, which was more than six months after the petition was filed. It is therefore clear from the authorities supra that the good faith required by the practice statute for the commencement of an action was absent and the court did not err in overruling the demurrer filed to the pleading alleging the facts, and in dismissing the petition upon plaintiff declining to plead further.

Wherefore, the judgment is affirmed.