## Bowles et al. v. Gilpin.

Jan. 30, 1945.

J. E. Childers for appellants.

P. B. Stratton for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appeal is from a judgment in favor of the appellee for the balance of two notes one of which was executed jointly by the appellants, and the other by H. C. Bowles individually, in 1928, when the latter parties purchased all of the capital stock of the Cumberland Publishing Company from the appellee. The total purchase price of the stock was $34,000. All the consideration was paid, with the exception of Bowles' $7000 note with some $1400 accrued interest, and $1700 with interest from December, 1935, on a $10,000 note executed by the appellants jointly. The last interest payment made by Bowles was in October, 1942. The appellants admitted the execution of the notes, but set forth in their answer that at the time of the purchase of the stock they were mere boys and unacquainted with the printing business, and the appellee made "false and fraudulent representations to them as to the condition of the printing plant

and the purpose for which it was purchased''; and also that the notes had not been listed for taxation or any taxes been paid thereon in this state.

Whether the purchase of all the capital stock of the Cumberland Publishing Company was such a transaction as to bring into operation the implied warranty statute (KRS 361.150) need not be determined, because we do not think such a defense could be relied upon at this late date. The transaction took place some 15 years before this action was filed. Approximately three-fourths of the original purchase price, aside from interest, was paid nearly eight years ago, and we have noted that Bowles made an interest payment as late as 1942. The Publishing Company appears to have been a going concern, and, for all this record shows, was continued in operation by the appellants as such.

The second defense is based upon KRS 132.300. This section provides:

''In addition to the penalties provided in KRS 132.290, failure to list any note or bond shall be a bar to any action upon the note or bond in any court and may be pleaded as a complete defense, but the holder thereof may at any time pay all taxes, penalties and accrued interest and thereupon be relieved from the defense.'' KRS 132.190 provides, among other things, that intangible personal property of individuals residing in this state shall be subject to taxation unless exempt by the Constitution. The fact that one of the notes showed on its face that Gilpin was a resident of Pikeville, Kentucky, at the time of its execution was not of itself sufficient to show that he was a resident of this state at the time the action was instituted. KRS 132.300 provides that the failure to list intangibles for taxation may be pleaded as a complete defense, but certainly such a plea would have to be set forth expressly. In other words, it was incumbent upon the appellants to allege and prove that the appellee is a resident of this state. As a matter of fact we gather from the appellee's brief that at the time the trial court was considering the demurrer to the appellants' answer the court commented upon the fact that there was no plea showing the appellee was a taxpayer of this state and granted leave to the appellants to amend, but they failed to do so.

Being of the opinion the judgment on both phases of the case is proper, it is affirmed.