## Smith v. Tarter et al.

December 5, 1947.

Edwin R. Denney, Judge.

H. C. Kennedy for appellant.

Gladstone Wesley and R. C. Tarter for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER— Reversing.

This suit was brought by appellant, the surviving widow of Henry Smith, to have a tract of land in Pulaski County sold and her dower right therein liquidated and paid to her in cash. A general demurrer to the petition was sustained, and the petition was dismissed. Whether or not this petition stated a cause of action is the only issue before us.

Appellant alleged that her husband died intestate March 6, 1946; that at the time of his death her husband owned in fee a one-sixth undivided interest in the real estate described; that the other five-sixths undivided interest was owned in fee by appellee Tarter; that appellant was the owner of a dower right in the one-sixth undivided interest; that she and appellee Tarter were the joint owners of the land and in possession thereof; and that it could not be divided without materially impairing its value. Plaintiff prayed that the land be sold and she be paid in cash the present value of her dower right.

Our question is whether or not this suit is authorized under Section 490, subd. 3, Kentucky Civil Code Practice, which provides in part that a vested estate in real property may be sold by order of a court of equity:

"If the estate shall have passed by devise or descent to the widow and heir or heirs of the decedent, and the widow shall have a life right in a portion thereof, either as homestead or dower or by devise and the property cannot be divided without materially impairing its value or the value of the plaintiff's interest therein."

Prior to the enactment in 1916 of subsection 3, above quoted, this Court had held that a widow with only a dower right could not bring a suit to sell the property even if indivisible, although suit might be brought against her by other joint owners. Hatterich v. Bruce, Guardian, et al., 151 Ky. 12, 151 S. W. 31. After the enactment of subsection 3, however, this Court decided that the 1916 amendment was specifically designed to avoid the effect of decisions such as that in the Hatterich case. Piermann et al. v. Albert and Carl Piermann's Guardian et al., 187 Ky. 392, 219 S. W. 156. In other words, subsection 3 was enacted for the purpose of providing a widow with a dower right the remedy of sale.

In Miracle et al. v. Miracle et al., 260 Ky. 624, 629, 86 S. W. 2d 536, 102 A. L. R. 964, this Court recognized the authority to order a sale of property, and award the widow the present value of her life right, where her life estate extends to a portion rather than the entire property.

We think the language of subsection 3 is perfectly clear. It provides that the widow may have real property sold if her estate passes by descent and she has a life right in a portion thereof by virtue of dower. That is precisely the situation we have before us. Appellant has as dower an estate for life in one-third of a one-sixth undivided interest. Since the right to bring this suit is authorized by the Civil Code of Practice, it is not our province to pass upon the equitable considerations raised by appellees.

It is our conclusion that appellant's petition stated a good cause of action, and the Pulaski Circuit Court erred in sustaining the general demurrer thereto. For this reason the judgment is reversed for proceedings consistent herewith.