### De Long v. Owsley's Ex'x.

June 4, 1948.

Rehearing denied October 29, 1948.

John H. Chandler and Hal Williams for appellant.

James F. Clay and Dodd & Dodd for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS— Reversing.

Appellee, Mrs. J. S. Owsley, as executrix of the estate of her deceased husband, J. S. Owsley, filed this action against appellant, Mrs. Bessie Cecil Anheier De-Long, on two promissory notes the latter executed to the former's decedent on June 18, 1929, one for the sum of $515 and the other for the sum of $530, due respectively in one and two years after date. The answer admitted the execution of the notes but pleaded failure of consideration and the court put the burden of proof on appellant.

At the conclusion of appellant's evidence a verdict was directed in favor of appellee and in seeking to reverse the judgment entered thereon it is insisted that the court erred: (a) in failing to permit appellant to file an amended answer; (b) in excluding certain competent evidence offered by her.

This action was filed on April 3, 1945, and was continued from time to time until it was tried on Oct. 14, 1946. When the case was called for trial on that day appellant offered to file an amended answer, the first paragraph of which pleaded as a complete defense and bar to the action appellee's failure to list the notes for

taxation, KRS 132.300, and the second paragraph pleaded laches. Appellee's counsel objected to the filing of this amendment on the ground that appellant's counsel had agreed with them that if granted a continuance on Sept. 18th, he would not plead appellee's failure to list the notes for taxation as a bar to her action. The court refused to allow the amendment to be filed, but it was made a part of the record as having been tendered.

In support of the motion for a new trial appellant's counsel filed his affidavit wherein he stated he offered to make such an agreement with appellee's counsel but one of them informed him it was his duty to make any defense he could and it was not desired by appellee that he waive any defense he might have. This affidavit was controverted by appellee's counsel. However, we are not concerned with which of the attorneys is correct relative to this agreement, since we conclude that appellant's attorney was without authority to enter into it.

An attorney ordinarily has authority to make agreements and stipulations relative to procedural matters and as to how the trial may be conducted in litigation entrusted to him. 5 Am. Jur. sec. 92, p. 315; Conrad's Ex'r v. Conrad, 156 Ky. 231, 160 S. W. 937; World Fire & Marine Ins. Co. v. Tapp, 286 Ky. 650, 151 S. W. 2d 428. But he is without authority to compromise a case or to surrender a substantial right of a client unless special authority from his client has been granted him to do so. 5 Am. Jur. sec. 92, p. 315; Shropshire v. Shropshire, 282 Ky. 211, 138 S. W. 2d 340. It therefore follows that appellant's attorney was without authority to agree to waive the pleading of KRS 132.300 as a complete bar to this action, unless his client expressly consented thereto. It is not contended that appellant gave her attorney any authority to make such an agreement.

Much of appellee's brief is devoted to the proposition that under sec. 134 of the Civil Code of Practice the trial court has a broad discretion in permitting amendments to be filed in the furtherance of justice and we will not interfere with his ruling unless it clearly appears that he has abused his discretion, citing such authorities as Callahan v. Dine's Furniture House, 260 Ky. 631, 86 S. W. 2d 530; Central Trust Co. of Owensboro v. Moffitt, 294 Ky. 103, 171 S. W. 2d 21. It can

hardly be said the trial court acted in furtherance of justice when he refused to allow appellant to file this amendment pleading KRS 132.300, which is a complete bar to this action, and his failure to do so was an abuse of his judicial discretion. Furthermore, the statute is primarily one to enforce the payment of taxes and as the holder of notes or bonds can avoid its consequences by listing them and paying the tax thereon at any time, Kennedy v. Kennedy, 197 Ky. 784, 248 S. W. 182; Miller v. Tennessee Chemical Co., 251 Ky. 30, 64 S. W. 2d 437, the courts should rigorously enforce it.

Appellee insists that it was incumbent upon appellant to expressly aver in the amendment that appellee was a resident of this State while she held the notes and failed to list them for taxation, as was decided in Bowles v. Gilpin, 299 Ky. 495, 185 S. W. 2d 698, which she failed to do. Appellant counters that argument by stating that the petition in the instant case shows appellee was a resident of Kentucky during that time when the petition stated ''On the 9th day of August 1937, by a proper order of the Lincoln county court she (appellee) was appointed executrix of the estate of J. S. Owsley, deceased, and that thereafter she duly qualified as such and is now and has been since said date the duly qualified and acting executrix of the estate of J. S. Owsley, deceased.''

The will and the order probating it in the Lincoln County court were filed as exhibits with the petition and the answer did not deny the above quoted averment, hence it must be taken as true. It is provided in KRS 394.140 that a will must be probated by the county court of testator's residence, and KRS 395.005 provides for the appointment of a resident of this State as personal representative, while KRS 394.150 deals with the probating of the will of a non-resident. When these statutes are read in conjunction with the above quoted averment from the petition there is no doubt that the petition alleges in effect that appellee and her decedent were both residents of this State while holding these notes. Therefore, it was not necessary for the tendered amended answer of appellant to allege appellee was a resident of Kentucky at the time she failed to list the notes for taxes.

132

The court erred in striking from Mrs. Owsley's testimony taken as if upon cross-examination a statement she made to the effect she knew her deceased husband collected no money for Mrs. DeLong. Also, in striking from the deposition of Mr. John S. Baughman, Clerk of the Boyle Circuit Court, statements he made as to what his records showed in reference to steps taken by Mr. Owsley while representing Mrs. DeLong in certain litigation in that court. It is stated in briefs that the circuit court sustained objections to this testimony because the two witnesses were testifying to transactions with deceased persons in contravention of the Civil Code of Practice, sec. 606(2). But neither Mrs. Owsley nor Mr. Baughman was testifying in their own behalf, but in behalf of Mrs. DeLong, hence this code provision has no application. Turner v. Mitchell, 61 S. W. 468, 22 Ky. Law Rep. 1784; Equitable Life Assurance Society of United States v. Bailey, 203 Ky. 339, 262 S. W. 280, 39 A. L. R. 160. But Mrs. DeLong was not a competent witness to testify as to transactions with Judge Gregory. or Mr. Grover Sales relative to matters occurring long after the death of Mr. Owsley as they are too remote in time to have any bearing on this controversy.

In holding that the court erred in not permitting the filing of this amended answer, we are not saying that the second paragraph containing an averment of laches was a proper plea, since laches is a defense peculiar to a court of equity. 19 Am. Jur. sec. 490, p. 339; Klineline v. Head, 205 Ky. 644, 266 S. W. 370; Vansant's Ex'x v. Gardner's Ex'x, 240 Ky. 318, 42 S. W. 2d 300; Anspacher v. Utterback's Adm'r, 252 Ky. 666, 68 S. W. 2d 15.

The judgment is reversed for proceedings consistent with this opinion.