**WYRICK et al. v. WYRICK.**

Court of Appeals of Kentucky.

Nov. 30, 1951.

Francis M. Burke, Pikeville, Eugene Siler, Williamsburg, Francis Dale Burke, Pikeville, for appellants.

Herschel M. Sutton, Corbin, for appellee.

SIMS, Justice.

E. J. Wyrick, a resident of Whitley County, Kentucky, died testate on March 18, 1948, and his widow, Sarah Sutton Wyrick, brought this action on June 18, 1949, in the Whitley Circuit Court against his heirs-at-law, who were his children by a former marriage, for a settlement of his estate. She made the First National Bank of Corbin and M. A. Gray defendants, averring they were creditors of the estate, and called upon them to answer and set up their debts. She further averred decedent was indebted to her in the sum of $1670 evidenced by five promissory notes, the first for $500 he executed to her on March 1, 1926, and she set out the amounts and dates of the other four notes he executed to her in recent years. The petition asked a construction of the will but averred it was too indefinite and uncertain to constitute a will. The prayer of the petition asked that the will be declared void for uncertainty, that she recover on her notes and that so much of the land of decedent be sold as may be necessary to satisfy his debts.

The answer of the heirs-at-law admitted the testamentary paper was too indefinite to be construed as a will but denied all other averments of the petition. Two amended answers were filed. The first merely described a tract of land omitted from the petition. The second averred the widow had resided in Whitley County for more than ten years and had never listed any of the five notes for taxes and this fact was pleaded as a bar to her suit to collect them. A third amended answer was tendered, which pleaded the statute of limitation against the note executed in 1926.

The Kentucky-West Virginia Gas Company filed an intervening petition averring that it held leases covering the minerals in the lands described in the petition.

The chancellor adjudged that the will was void for uncertainty; that the estate was indebted to appellee in the sum of her five notes with interest; that it was indebted to the First National Bank of Corbin in the "sum of $———— with 6% interest from ———— until paid"; that the creditors had a lien on the real estate to secure their debts and that a sufficiency thereof be sold to satisfy the debts, interest and costs. It was further adjudged that appellee (the widow) take one-third of the rents and royalties in the lands owned by decedent as her dower interest therein.

The heirs-at-law appeal and assign four grounds for reversal: 1. Failure to list the notes bars the widow's right of recovery thereon; 2. she failed to prove her debt by competent evidence; 3. the first note was barred by limitation and the court erred in failing to let appellants file their third

amended answer pleading that fact; 4. there was an admitted credit of $150 on the note executed on Jan. 20, 1942, which credit the chancellor failed to allow. On cross-appeal the widow insists that all the lands of decedent should have been sold and she should have been allowed one-third of the cash proceeds in lieu of her right of dower.

The widow attempts to escape the effect of KRS 132.300 (which forbids a collection of notes by suit unless taxes have been paid on them) by insisting that appellants failed to expressly aver she was a resident of this state at the time she instituted this action and while she held the notes and failed to list them, therefore they could not raise the question, citing Bowles v. Gilpin, 299 Ky. 495, 185 S.W.2d 698.

■ The second amended answer pleading the widow's failure to list the notes averred that she "has resided in Whitley County for more than ten years last past", but she argues this averment did not state she lived in Whitley County, Kentucky. Such argument goes beyond the realm of reason, especially in view of the fact that this suit was filed in the circuit court of Whitley County, Kentucky, and the petition averred decedent died in Whitley County, Kentucky. Furthermore, the record shows a stipulation "that plaintiff Sarah Sutton Wyrick and E. J. Wyrick, her husband * * * lived together at Corbin, Whitley County, Kentucky, at the time of the death of E. J. Wyrick on March 18, 1948". Manifestly, the averments in the two amended answers, read in conjunction with the petition and the stipulation, state the widow was a resident of Whitley County, Kentucky, at the time she held the notes and when she brought suit on them. De Long v. Owsley's Ex'x, 308 Ky. 128, 213 S.W.2d 806.

■■ The chancellor erred in granting judgment in favor of appellee on the notes in the face of KRS 132.300 when the record showed she had not listed and paid taxes on them. However, if she desires to list the notes and pay taxes on them, she should be allowed to file a pleading showing she has complied with KRS 132.300, as the conse-

quences of the statute can be avoided by listing and paying taxes on the notes at any time. De Long v. Owsley's Ex'x, 308 Ky. 128, 213 S.W.2d 806.

The record shows there is a credit of $150 paid June 13, 1942, on the $300 note executed on Jan. 20, 1942. In the judgment the chancellor inadvertently failed to credit this note with this payment and he will allow this credit in any new judgment he enters.

■■ Complaint is made that the chancellor directed the payment of the debt decedent owed the First National Bank of Corbin, although the bank had not filed a pleading setting up its debt. This complaint is not well-taken since the amount of the bank's debt was stipulated on page 47 of the record. However, the judgment in favor of the bank for "the sum of $——— with interest at 6% from ——— day of ——— until paid" is no judgment at all, and a new judgment should be entered showing the bank's recovery in the sum stipulated.

■ Appellants' criticism that appellee did not prove her debt by competent evidence is without merit. True, under § 606(2) of the Civil Code of Practice Mrs. Wyrick could not testify for herself against her deceased husband's estate. However, she produced the notes, which were payable to her, and Dewey P. Wyrick, a son and personal representative of decedent, testified on cross-examination that the signatures on the notes are in the handwriting of his father. The presumption is, in the absence of proof to the contrary, that notes found in the possession of the payee have not been paid. Downing v. Whitlow, 211 Ky. 294, 295, 277 S.W. 262; Luigart's Adm'x v. Luigart's Adm'r, 199 Ky. 98, 250 S.W. 796; Goff v. Charles, 284 Ky. 64, 143 S.W.2d 866. As there was no evidence to the contrary in this instance, the presumption must prevail that the notes produced by appellee were unpaid, and the chancellor correctly so adjudged.

■ On May 22, 1950, an order was entered which among other things recited that appellants had to and including May 27, 1950, "within which to file additional

pleadings herein and to prepare their side of this case for final submission". On May 26, 1950, appellants tendered a third amended answer pleading the statute of limitation as to the note executed in 1926, which was ordered filed. However, on final submission the chancellor sustained the widow's objection to the filing of this amendment on the ground, as we read his opinion, this pleading was to set out only the description of a tract of land which had been omitted from the petition. While the trial court has a broad discretion under § 134 of the Civil Code of Practice in allowing amended pleadings to be filed to promote the ends of justice, yet we have said that a defendant may amend his answer at any time before judgment to plead limitation. Brock v. Turner Fuel Co., 296 Ky. 729, 178 S.W.2d 427. Under § 606(2) of the Civil Code of Practice the widow is not a competent witness to testify that decedent made and signed the endorsement on the back of the note executed in 1926, unless a witness for the estate testified this endorsement was made and decedent's name was signed thereto by her. On return of the case to the circuit court the third amended answer may be filed and both parties may be permitted to take additional depositions relative to this endorsement, if they so desire.

On her cross-appeal the widow insists that as she was entitled to dower in lands which were jointly owned and indivisible, she was entitled to have all of the lands of decedent sold and to be paid in cash the value of her dower rights, citing Smith v. Tarter, 306 Ky. 147, 206 S.W.2d 484. The answer to this contention is that neither her petition nor the prayer thereof sought such relief. Appellants are incorrect in their contention that all of decedent's debts must first be paid before the widow is entitled to dower. The widow's dower is not subject to the husband's debts. Nelson v. Dunn, 215 Ky. 292, 284 S.W. 1084; Maryland Casualty Co. v. Lewis, 276 Ky. 263, 124 S.W.2d 48.

While it is unusual on the reversal of a judgment in an equity case to send it back for further proceedings, it is necessary to do so in this instance. Therefore, on the appeal the judgment is reversed for proceedings consistent with this opinion. On the cross-appeal the judgment is affirmed.