Edward H. **EASTRIDGE**, Plaintiff,

v.

**FRUEHAUF CORPORATION** and Collins Construction Company, Defendants.

No. 6750.

United States District Court,
W. D. Kentucky,
at Louisville.

Feb. 1, 1971.

John P. Sandidge, Louisville, Ky., for defendant, Collins Const. Co.

William Kiel, Louisville, Ky., for defendant, Fruehauf Corp.

J. J. McCarthy and C. M. Leibson, Louisville, Ky., for plaintiff.

## MEMORANDUM AND ORDER

BRATCHER, District Judge.

This is an action for personal injuries due to the alleged negligence of either or both of the party defendants.

This action was originally instituted in the Jefferson Circuit Court, Louisville, Ky.; however, it has since been removed to this Court. Jurisdiction is based on diversity of citizenship.

The complaint was filed on January 5, 1970, but was amended by leave of Court on September 11, 1970. The answer of the defendant, Fruehauf Corporation was filed March 6, 1970, and the answer of the defendant, Collins Construction Company (hereinafter referred to as Collins) was filed on February 11, 1970.

Collins has now moved this Court pursuant to Rule 15(a), Federal Rules of Civil Procedure, for leave to amend his answer.

The plaintiff objects to this motion and contends that to sustain this motion would be gross error and prejudicial to the plaintiff's position because included in the last paragraph (Number 14) of the amended answer is the defense of the Statute of Limitations.

This section specifically states:

"14. This action is barred by the Statute of Limitations as contained in KRS 413.120(14) and KRS 413.135. This cause of action was not brought within five years from the time of the original occupancy of the improvements which the builder caused to be erected. This cause of action was not brought within five years following the substantial completion of the improvements."

The crucial issue now before this Court is whether or not the Statute of Limitations can be pleaded in an amended answer.

All procedural matters before this Court are governed by Federal law. See Gulf Refining Company v. Fetschan, 6th Cir., 130 F.2d 129 (1942).

The defense of the Statute of Limitations is specifically an affirmative defense and must be pleaded or such defense may be waived. This is settled law not only in the Federal Courts but also in the Kentucky Courts. See Rules 8(c) and 12(h), Federal Rules of Civil Procedure; First National Company v. C. I. R., 6th Cir., 289 F.2d 861 (1961); City of Erlanger v. Berkemeyer, 6th Cir., 207 F.2d 832 (1953); Commonwealth Dept. of Highways v. Chinn, Ky., 350 S.W.2d 622 (1961).

However, can such an affirmative defense be subsequently added to an amended answer pursuant to Rule 15(a), Federal Rules of Civil Procedure?

Rule 15(a), after stating when a party may amend his pleadings "as a matter of course", provides that:

"* * * otherwise a party may amend his pleading only by leave of Court * * * and leave shall be freely given when justice so requires."

Subdivision (b) of Rule 15 even provides for liberality in permitting the parties to amend their pleadings to conform to the evidence "even after judgment". Therefore, it is clearly within the sound discretion of this Court to grant leave to amend pleadings. See Groninger v. Davison, 8th Cir., 364 F.2d 638 (1966); George McArthur & Sons, Inc. v. Safe-Play Manufacturing Co., 32 F.R.D. 229 (E.D.Pa.1962).

 Statute of limitations are designed primarily to assure fairness to defendants; they promote justice by preventing surprises through revival of claims that have been allowed to slumber until the evidence has been lost, memories have faded, and witnesses have disappeared; in other words the defense was designed to protect citizens from stale and vexatious claims. See Burnett v. New York Central Rwy. Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965); McDonald v. United States, 6th Cir., 315 F.2d 796 (1963).

The merits of this defense in the instant action are unimportant at this time; however, the purpose and legislative intent involved in the enactment of this affirmative defense have a very worthy objective and accordingly, depending on the surrounding circumstances, such purpose should not be treated with indifference.

Where no prejudice results to the adverse party, the Statute of Limitations can be subsequently pleaded in an amended answer, and there is no waiver of such defense if the answer is properly amended to include it. See Groninger v. Davison, supra; Marcus v. National Life Insurance Company, 7th Cir., 422 F.2d 626 (1970); George McArthur & Sons, Inc. v. Play-Safe Mfg. Co., supra. Also see Wyrick v. Wyrick, Ky., 243 S. W.2d 1004 (1951) where such procedure was allowed in Kentucky.

In the instant case this Court does not see how this amendment would subject this plaintiff to any additional problems which he would not have had from the outset. He is exposed to no risks and no new problems visited upon him which he would not have had had the original pleading followed the form sought by the amendment. See 1A Barron & Holtzoff, Federal Practice and Procedure, § 442 (1960).

Wherefore, it is ordered that the defendants' motion to amend his answer be sustained and granted.