NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 14a0671n.06

No. 13-6304

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 28, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| LARRY WILSON HENSLEY; | ) | |
| NANCY C. HENSLEY, | ) | **O P I N I O N** |
| | ) | |
| **Debtors**. | ) | **ON APPEAL** FROM THE UNITED |
| _____ | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| ASSOCIATES FIRST | ) | KENTUCKY |
| CAPITAL CORPORATION, | ) | |
| | ) | |
| **Appellant,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY WILSON HENSLEY; | ) | |
| NANCY C. HENSLEY, | ) | |
| | ) | |
| **Appellees.** | ) | |
| | ) | |

BEFORE: NORRIS, CLAY, and KETHLEDGE, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** In Nancy and Larry Hensley's bankruptcy proceeding, Associates First Capital Corporation filed a proof of claim allegedly secured by two parcels of real property owned by the Hensleys. The Hensleys claimed that Associates First's lien covered only one of the parcels. The bankruptcy court, and the district court after its review, granted summary judgment to the Hensleys. For the reasons that follow, we affirm.

1

**I.**

The Hensleys purchased two contiguous parcels of real property in August 1991. The parcel at 1083 Winchester Road, Irvine, Kentucky contains a house that was initially the Hensleys' residence, while the second parcel contains a store with an apartment. These parcels were purchased from different sellers, but both purchases were funded by an $80,000 loan from Union Bank and Trust, which later became Harlan National Bank. The bank filed a mortgage against both parcels to secure repayment of the loan. In March 2000, the Hensleys refinanced the Harlan National Bank loan with a loan from Kentucky Finance Company, Inc., which later merged into Associates First Capital. This refinance transaction is the crux of the dispute.

The parties executed and filed a mortgage as part of the refinance. The mortgage listed 1055 Winchester Road as the address of the Hensleys, but included a legal description of only the parcel at 1083 Winchester Road as security for the loan. In February 2010, Associates First filed a foreclosure action against the Hensleys in Kentucky state court in Estill County. In October 2010, Associates First filed an action to reform the mortgage, asserting that the mortgage was intended to cover both parcels. In March 2011, before the state court finalized the foreclosure, the Hensleys filed a voluntary petition for bankruptcy in the Eastern District of Kentucky.

In an adversary action, the parties asked the bankruptcy court to determine whether the mortgage held by Associates First covered both parcels of land, or only the parcel described in the legal description. Associates First advanced the same argument as in its state-court filing—that the mortgage should be reformed to correct the parties' mutual mistake. In the alternative, Associates First claimed that the doctrine of equitable subrogation automatically created a lien against both parcels because its refinance loan paid off the Harlan National Bank Loan, which

2

was secured by a mortgage on both parcels. The Hensleys claimed that the mortgage was correct and that they intended to mortgage only 1083 Winchester Road as part of the refinance.

The bankruptcy court and the district court held that Associate First's action to reform the mortgage was time barred, and the doctrine of equitable subrogation did not apply to this set of facts. On appeal, Associates First claims that (i) its reformation action was not time-barred because the action relates back to the date of the foreclosure filing, (ii) the Hensleys forfeited any statute of limitations defense by not pleading that defense in state court, and (iii) the bankruptcy court erred in holding that equitable subrogation did not apply.

## II.

"On appeal following the district court's review of the bankruptcy court's decisions, we review the bankruptcy court's orders directly rather than the intermediate decision of the district court." *Grant, Konvalinka & Harrison, PC v. Banks (In re McKenzie)*, 716 F.3d 404, 411 (6th Cir. 2013) (citing *Lowenbraun v. Canary (In re Lowenbraun)*, 453 F.3d 314, 319 (6th Cir. 2006)). "We review the legal conclusions de novo and any factual findings for clear error." *Id.*

### A. *Statute of Limitations*

Associates First sought to reform the allegedly mistaken March 2000 mortgage in October 2010. The bankruptcy court held that even applying the most generous statute of limitations, ten years, Associates First filed its reformation action too late. In its appeal to the district court and here, Associates First argues that the October 2010 reformation action should relate back to its foreclosure action, filed in February 2010, which would bring it within the ten-year statute of limitations provided by Ky. Rev. Stat. § 413.130(3).

However, as the bankruptcy court suggested and the district court confirmed, an action for relief based on mistake is generally subject to a five-year statute of limitations. Ky. Rev. Stat.

§ 413.120(12). A statute of limitations of up to ten years may be available to a plaintiff under Ky. Rev. Stat. § 413.130(3) when an alleged mistake goes undiscovered. However, in such cases Kentucky courts require that "if the five year period is allowed to elapse, the plaintiff must allege and prove that the fraud or mistake was not only not discovered within the period, but also that the same could not have been discovered sooner by the exercise of reasonable diligence." *McCoy v. Arena*, 174 S.W.2d 726, 729 (Ky. 1943) (citation omitted); *see also First Fid. Mortg., Inc. v. Robertson*, 2010-CA-000990-MR, 2011 WL 3361583, at \*2 (Ky. Ct. App. Aug. 5, 2011).

In this case, Associates First could have discovered with reasonable diligence any mistake in the legal description on the mortgage. Associates First has offered no evidence or argument to justify applying the ten-year statute of limitations. Therefore, the applicable statute of limitations is five years and the reformation action was filed too late.

Associates First also argues that the bankruptcy court abused its discretion in allowing the Hensleys to assert statute of limitations as a defense, because the Hensleys did not raise the defense in their answer to the state court foreclosure action. *See* Ky. R. Civ. P. 8.03 (affirmative defenses) and 12.02 ("Every defense . . . shall be asserted in the responsive pleading thereto if one is required . . . ."). Associates First cites *Tyler v. DH Capital Mgmt., Inc.* in support of the proposition that waiver in a state-court action binds federal courts, but that case does not help Associates First here because its state-court action was never resolved on the merits. 736 F.3d 455, 460 (6th Cir. 2013) ("[T]he principles of res judicata (claim preclusion) only apply to adjudications on the merits."); *see also Yeomann v. Ky., Health Policy Bd.*, 983 SW.2d 459, 464–65 (Ky. 1998) (explaining res judicata).

As the bankruptcy court noted, "There are a number of exceptions to the general rule of waiver, one of which is provided in Ky. R. Civ. P. 15.01, which states that leave to amend shall

4

be freely given, and is 'mandatory' when justice so requires." *Hensley v. Assocs. First Capital Corp. (In re Hensley)*, Bankr. No. 11-50642, Adv. No. 11-5052, 2012 WL 5828720, at *3 (Bankr. E.D. Ky. Nov. 16, 2012) (citing *Farmers Crop Ins. Alliance, Inc. v. Gray*, No. 2009-CA-000969-MR, 2010 WL 5018284, at *3 (Ky. Ct. App. Dec. 10, 2010) ("Kentucky courts have interpreted CR 15.01 to mean that, where justice so requires, it is mandatory for the trial court to grant leave to amend."))

> In reviewing the bankruptcy court, the district court reasoned that,
>
> Justice favors amendment especially when there is no prejudice. "Where no prejudice results to the adverse party, the Statute of Limitations can be subsequently pleaded in an amended answer, and there is no waiver of such defense if the answer is properly amended to include it." *Eastridge v. Fruehauf Corp.*, 52 F.R.D. 129, 131 (W.D. Ky. 1971) (noting that Federal Rule of Civil Procedure 15 and Kentucky's parallel Rule 15.01 allow amendment "even after judgment").

*Hensley v. Assocs. First Capital Corp. (In re Hensley)*, No. 5:13-04-KKC, 2013 WL 4505908, at *3 (E.D. Ky. Aug. 22, 2013).

The decision whether to grant leave to amend under Fed. R. Civ. P. 15 is properly entrusted to the discretion of the trial court, and "we will reverse only if the lower court abuses this discretion." *Wallace Hardware Co., Inc. v. Abrams*, 223 F.3d 382, 409 (6th Cir. 2000) (citing *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041 (6th Cir.1991)). Allowing the Hensleys to plead the statute of limitations for the first time in the bankruptcy proceeding was not an abuse of the bankruptcy court's discretion.

### B. *Equitable Subrogation*

Associates First argues in the alternative that the doctrine of equitable subrogation automatically created a lien in its favor on both parcels of land, because the money it lent to the Hensleys was used to refinance a loan that was secured by a mortgage on both parcels. Indeed, the Supreme Court of Kentucky has repeatedly held, "'Equitable subrogation permits a creditor

5

who pays the debt of another to stand in the shoes of the original creditor, enjoying all rights and remedies of the original creditor.'" *Mortg. Elec. Registration Sys., Inc. v. Roberts*, 366 S.W.3d 405, 408 (Ky. 2012) (quoting *Wells Fargo Bank, Minn., N.A. v. Ky., Fin. & Admin., Dep't of Revenue*, 345 S.W.3d 800, 806 (Ky. 2011)).

However, Associates First asks too much of the doctrine. If, as the Hensleys claim, the parties only intended one of the parcels to be encumbered, it would be an absurd result if the doctrine of equitable subrogation created a lien on both parcels anyway, contrary to the parties' intent. *See* Restatement (Third) of Prop.: Mortgages § 7.6 cmt. e. (1997), Associates First contends that the parties did intend a lien on both parcels but, as discussed above, the time for resolving that question has passed.

Furthermore, as the Kentucky Supreme Court has also held, "[i]t is axiomatic that as an equitable doctrine, subrogation aids the vigilant, and not the negligent." *Wells Fargo Bank*, 345 S.W.3d at 807 (quotation omitted). It simply cannot be said that Associates First was vigilant in protecting its rights here. If the parties did intend for both parcels of land to be encumbered, Associates First and its predecessor were negligent in drawing up the mortgage incorrectly and failing to discover the error for so many years. Ultimately, equity does not favor Associates First in this case and the doctrine of equitable subrogation cannot save its claim against the second parcel of land.

## III.

The judgment is **affirmed**.